In re NEWTON.

(Circuit Court of Appeals, Eighth Circuit. February 25, 1901.)

No. 19.

1. BANKRUPTCY—REOPENING OF ESTATE—APPOINTMENT OF NEW TRUSTEE.

Where it is desired to reopen the estate of a bankrupt after it has been closed and the trustee discharged, the first step is properly the making of an order for that purpose, and it then devolves upon the creditors, under Bankr. Act 1898, § 44, to appoint a new trustee. The court has no authority to make such appointment unless the creditors fail to do so.

2. SAME—SHOWING TO WARRANT REOPENING OF ESTATE.

To authorize the court to reopen the estate of a bankrupt, under Bankr. Act 1898, § 2, subd. 8, it should "appear" by some satisfactory evidence that there are assets unadministered, although no formal or technical procedure is required. An unverified petition filed by a creditor, stating on information and belief that the wife of the bankrupt has "money or property" belonging to him, without stating its character or amount, and which is unsupported by affidavits or other evidence, is insufficient to warrant any action by the court.

Petition for Revision of Proceedings of the District Court of the United States for the Western Division of the Western District of Missouri.

Francis A. Leach, George W. Day, and T. C. Sparks, for petitioner. James W. Garner, for respondent.

Before CALDWELL and SANBORN, Circuit Judges, and ADAMS, District Judge.

ADAMS, District Judge. This is an original proceeding instituted in this court to revise the action of the district court of the United States for the Western division of the Western district of Missouri in refusing to appoint a trustee in bankruptcy to administer certain assets alleged to have been discovered by the petitioner, Arthur G. Newton, after the first trustee had rendered his final accounts and had been discharged. The facts of the case, so far as it is now necessary to state them, are as follows: On November 9, 1899, one William E. Evans was, on his own petition, adjudicated a bankrupt. On December 2, 1899, after due notice, the first meeting of creditors was held, and John R. Walker duly appointed trustee of the bankrupt's estate. On December 8, 1899, the trustee submitted his final report, showing no assets. On the same day the report was approved, and the trustee discharged. On January 8, 1900, after due notice to creditors, the bankrupt's application for a discharge

from his debts was granted by the court. On February 23, 1900, the petitioner, Arthur G. Newton, filed his proof of claim against the bankrupt's estate in the sum of $794, and on March 28, 1900, filed a petition in the district court setting forth the foregoing facts, and in addition thereto as follows:

"That your petitioner is informed and believes, and so alleges, that said William E. Evans has money or property which he did not include in his schedule of assets, and which may in proper proceedings be made available in the payment of his debts; that the money or property aforesaid is now held by ———— Evans, the wife of said William E. Evans, in trust to the sole use, benefit, and behoof of the said William E. Evans, and was so held at the time of filing of said petition in bankruptcy, as aforesaid, in fraud of the creditors of the said William E. Evans. Wherefore your petitioner prays that an order be made appointing some suitable person trustee herein, to the end that all assets of said bankrupt may be administered and dealt with according to the law in such cases made and provided.

"[Signed]      Leach, Day & Sparks, Attorneys for Petitioner."

This petition was not verified or otherwise supported by affidavits, but was submitted on its own showing, and on July 14, 1900, was overruled by the court.

The bankruptcy act, approved July 1, 1898, contemplates that an application for a discharge may be filed and acted upon before the estate is fully administered. Section 14 of the act provides that such application may be made within one month after the adjudication. Section 57, subd. n, gives creditors one year after the adjudication within which to file their proofs of claim. The act also contemplates the reopening of an estate after it has once been closed. Section 2, subd. 8, provides that courts of bankruptcy may "close estates whenever it appears that they have been fully administered by approving the final accounts and discharging the trustees, and reopen them whenever it appears they were closed before being fully administered." Section 11, subd. d, gives a trustee two years after an estate has been closed to institute suit for the recovery of assets. These and other provisions of the act which might be referred to plainly show that notwithstanding a bankrupt may have been discharged from his debts, and notwithstanding a trustee may have filed his final accounts and been discharged from his trust, and the estate be thereby closed, it may nevertheless be opened again if unadministered assets be discovered.

While it is the duty of the court and the clear policy of the bankruptcy act to require trustees "to close up the estate as expeditiously as is compatible with the best interests of the parties in interest" (section 47, subd. a), it is equally the duty of the court to reopen the estate whenever it satisfactorily appears that there are assets of the bankrupt which have not been administered. When such a showing is made to the court as justifies an order for reopening the estate, such order should be made by the court as a first step towards the further administration of the bankrupt's estate. After such order is made, section 44 of the act contains provisions for further proceedings. This section provides that "the creditors of a bankrupt estate shall at their first meeting after the adjudication, or after the vacancy has occurred in the office of the

trustee, or after the estate has been reopened, * * * appoint one trustee or three trustees of such estate. If the creditors do not appoint a trustee as herein provided the court shall do so." This section, in our opinion, confers upon the creditors of the estate the same authority and power with respect to the appointment of a trustee, after an estate once closed has been, by order of court, reopened, as is conferred upon them at the first meeting held after the adjudication. It confers upon the creditors, as the parties chiefly interested, the right in either case to select their own trustee. When they fail to do so, either at the first meeting, or afterwards, in case of a reopening of the estate, and not till then, power is conferred upon the court to make such appointment.

The prayer of the petition in this case is that the court make an order appointing some suitable person trustee herein. As it nowhere appears that there had been any previous order of the court to reopen the estate of the bankrupt, or that the creditors had failed to elect a trustee, it is clear that the district court had no right or authority to grant the prayer of the petition to appoint a trustee. Such authority was vested in the creditors, and, until they failed to exercise it at a meeting duly called for that purpose, the court had no authority to do so. The motion, therefore, was properly denied by the district court.

But if the petition of Newton could be regarded as a motion to reopen the estate preparatory to a reference for further administration, it is, in our opinion, too indefinite and uncertain to move the court to open up the case. To sustain such a motion, the court must be reasonably satisfied; in other words, according to the provisions of the bankrupt act, it must be made to appear to the court that there are unadministered assets.

As already seen, the only information given to the court by the petition is an unverified statement made by petitioner's attorneys that the petitioner is informed and believes that the wife of the bankrupt held "some money or property" in trust for the bankrupt. Whether it is money or property, and how much of either,—whether $1 or $5,000 in value,—the petitioner is not made even to venture a belief. This petition might be reinforced by supporting affidavits, but no such are found in the record.

We do not wish to be understood as holding that the petition to reopen an estate once closed must be of any formal or technical character. Such is not necessary, and in the practical administration of the bankruptcy act is not advisable, but such petition must be either in itself, or in connection with supporting affidavits, of such persuasive character as to reasonably satisfy the court of the requisite jurisdictional fact, namely, that there are some assets belonging to the bankrupt which have not been administered. We are of opinion that the petition in this case, if treated as a proceeding to reopen the estate, was vitally defective, in that it failed to state any substantial or definite facts from which the court could reasonably find that there were any assets to be administered. The conclusions reached in this case can work no injustice, as the petitioner has ample time within which to renew his effort to reopen

the estate, provided he can make the requisite showing. It results that the action of the trial court in denying the petition for the appointment of a trustee was correct, and the same is approved and confirmed.