## KILLIAN v. STATE.

### Opinion delivered January 16, 1904.

ATTORNEY—LICENSE—REVOCATION.—The circuit court has discretion, on its own motion, to revoke an order made at the same term of court granting a license to an attorney to practice law, and such order of revocation will not be set aside on writ of error, in the absence of any showing that the court's discretion was abused, even though such order was made in the absence of the petitioner and without notice to him.

Error to Boone Circuit Court.

ELBRIDGE G. MITCHELL, Judge.

*J. M. Brice* and *Pace & Pace,* for plaintiff in error.

An attorney can be disbarred only by the procedure prescribed in Sand. & H. Dig., § § 430-446. 22 Ark. 149, 155; 4 Wall. 333.

*George W. Murphy, Attorney General,* for state.

BUNN, C. J. The petitioner filed his application for license to practice law in Boone circuit court, and the courts of the state inferior thereto. His good character for intellectual and moral qualifications, his age and citizenship were vouched for by a qualified attorney of the court,

and a committee was appointed to examine him as to his professional qualifications, and the committee reported that they had performed that duty, and recommended that the applicant be granted a license in accordance with the prayer of his petition. The report was adopted by the court on presentation by the committee, and license ordered to be issued, and the same was accordingly done, and certificate granted to the applicant. A few days afterwards, and during the same term, on his own motion, the court set aside its former order granting the license, and made an order revoking the same. The last order was made in the absence of the petitioner, and without notice to him, and he thereupon sued out a writ of error to the Boone circuit court, in this court, and the matter thus comes up for our consideration on the record presented.

The circuit court had control of its proceedings during the term, and the power to recall any order or judgment it may have previously made in the term, with or without assigning reasons therefor, and the presumption is that it had good grounds for its action in the premises. The record does not show us whether or not the case against the appellant was such as entitled him to notice of the order denying him license.

Affirmed.