BORN et al. v. SCHNEIDER et al.

(Circuit Court, N. D. Illinois, N. D.  February 8, 1904.)

No. 26,203.

1. FEDERAL COURTS—ORDERS—APPEAL—TIME.
   An application for leave to appeal from an order cannot be granted where the application was not made within six months from the date the order was entered.

2. SAME—ORDERS—VACATION—TERMS OF COURT—INTERVENTION—JURISDICTION.
   Where a new term of court intervened between the making of an order and the making of a motion to vacate the same, the court lost jurisdiction to consider the motion.

3. SAME—PETITIONS—STRIKING FROM FILES—NONAPPEALABLE ORDER.
   Where a motion for leave to file a petition for leave to intervene was marked "filed" by the clerk, by mistake, before leave to file had been granted, an order striking the petition from the files until such time as the court should pass on the petitioner's right to file the same was an order merely purging the records of the court of a mistake, and was therefore unappealable.

Chas. B. Stafford, for complainants.

J. A. & H. R. Baldwin, E. A. Frost, Wilson, Moore & McIlvaine, Willard & Evans, Flower, Vroman & Musgrave, and J. B. Leake, for defendants.

Runnells & Burry, for interveners.

KOHLSAAT, District Judge.  The bill herein was filed December 19, 1901, by the complainants, as stockholders and creditors of the National Bank of Illinois, against the defendants, as directors of said bank, seeking to hold said defendants liable for losses sustained by reason of their negligence as such directors.  On December 14, 1901, Boyd et al. had filed their bill in this court against the same defendants, seeking to hold them for damages sustained by Boyd et al., as depositors and creditors, growing out of the alleged negligence of said defendants.  On December 19, 1901, the Boyd bill was amended by adding the words "in behalf of themselves and all other persons in like manner interested."  To the last-named bill a demurrer was filed, which demurrer the court sustained on June 17, 1903, and ordered the bill dismissed for want of equity.  On the same day the petitioners herein (all being parties complainants in the said Boyd suit) presented their motion for leave to file an intervening petition in this cause, whereupon the following order was entered:

"Now come James Boyd et al., by their solicitors, and enter their motion for leave to file their intervening petition herein, and thereupon said motion is continued for future consideration."

No notice of the presentation of said motion was given.  The next day the solicitors for Boyd et al. left with the clerk of this court a petition praying, among other things, "that an order may be entered in this cause making them parties complainant to this cause."  This was indorsed: "June 18, 1903.  Motion for leave to file, and continued"—and was presented without notice.  On July 2, 1903, on motion of complainant herein, this cause was dismissed.  A new term of court began July 6th.  On July 15th Boyd et al. filed their petition and

motion to set aside the order of dismissal of July 2d. On the same day the court entered an order finding that the petition then found in the files in said cause was by error marked by the clerk as having been filed therein on June 18, 1903, and that no leave to file the same had been given, and ordered that the same be stricken from the files, and also ordered that the motion of petitioners to set aside the order of July 2, 1903, dismissing this cause, be overruled and denied. The December term of the court began December 21, 1903. On January 8, 1904, Boyd et al. filed a petition herein for an appeal. It is difficult to determine from the petition for appeal from just what order of the court an appeal is desired, but it is from either the order of July 2, 1903, or July 15, 1903. If it is from the order of July 2d, the prayer comes too late, since the six months allowed by law expired on January 2, 1904. If it is from the order of July 15, 1903, which, as above set out, was an order denying petitioners' motion to set aside the order of July 2d, and striking from the files the petition for leave to intervene filed without leave of court and by mistake, then the appeal cannot be granted, for several reasons:

1. A new term of court having intervened between July 2d and July 15th, the court had no jurisdiction to consider a motion to set aside the order of July 2d after the term, except for fraud, which the court then found did not exist.

2. The order of July 15th was not an appealable order, so far as it denied the motion to vacate the order of July 2d. The motion to vacate can have no more effect upon the question of limitation of time than could a motion for a new trial. Both must be made during the term in order to be entertained. This rule is too well settled to need citation of authorities.

3. It is apparent from the record that the motion for leave to file the petition for leave to intervene was the matter before the court. Consequently it was manifestly a mistake of the clerk to mark the petition "Filed." As to that part of the order of July 15th which strikes the petition from the files as prematurely filed, I hold said order to be unappealable. It simply struck the petition from the files until such time as the court could pass upon the right to file it. Their rights were preserved by their motion at the preceding term. They had abundant opportunity to present and have the judgment of the court upon their right, as well as to appeal from the order of July 2d. By its order of July 15th, the court was simply purging its records, by correcting a mistake of the clerk made apparent by petitioners' own motion entered June 17th preceding, and certain orders of the court wherein it is evident that their motion was pending for the purpose of securing an order of court giving leave to file an intervening petition.

The question of the right of the petitioners to intervene is not before the court—only the question of their right to appeal from one of the orders entered July 2d and July 15th, respectively. Outside of the indefiniteness of the petition as to which order is appealed from, I am of the opinion that no appeal lies, and the motion made January 8, 1904, is denied.