In re ROCHESTER SANITARIUM & BATHS CO.

(Circuit Court of Appeals, Second Circuit. March 9, 1915.)

No. 210.

1. JUDGMENT ⊂⇒340—VACATING OR SETTING ASIDE—AUTHORITY TO VACATE.
    The power to vacate or set aside judgments is a common-law power, inherent in courts of general jurisdiction and possessed by all courts of record as incident to their existence.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 666; Dec. Dig. ⊂⇒340.]

---

2. JUDGMENT ⬤➾340—VACATING OR SETTING ASIDE—AUTHORITY TO VACATE.

The power to vacate or set aside judgments must be exercised by the court which rendered the judgment, and no other court can take cognizance of the application.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 666; Dec. Dig. ⬤➾340.]

3. APPEAL AND ERROR ⬤➾982—JUDGMENT ⬤➾344—VACATING—DISCRETION—REVIEW.

A motion to set aside a judgment is addressed to the sound legal discretion of the court, and its determination will not be disturbed on appeal, unless it is plain that its discretion has been abused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3877–3879; Dec. Dig. ⬤➾982; Judgment, Cent. Dig. § 673; Dec. Dig. ⬤➾344.]

4. MOTIONS ⬤➾59—ORDERS—VACATING OR SETTING ASIDE.

The common-law rule is that a court has entire control over its own orders, and may vacate them at any time during the term at which they are made.

[Ed. Note.—For other cases, see Motions, Cent. Dig. §§ 73–81; Dec. Dig. ⬤➾59.]

5. BANKRUPTCY ⬤➾36—ORDERS—VACATING OR SETTING ASIDE.

There are no terms of court in bankruptcy, within the rule that orders may be vacated at any time during the term at which they are made.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 36; Dec. Dig. ⬤➾36.]

6. MOTIONS ⬤➾59—ORDERS—VACATING—OPERATION AND EFFECT.

The general rule is that, where a court directs an order previously made by it to be stricken out, it is the same as if such order had never existed.

[Ed. Note.—For other cases, see Motions, Cent. Dig. §§ 73–81; Dec. Dig. ⬤➾59.]

7. BANKRUPTCY ⬤➾372—REOPENING ESTATE—EFFECT AS TO TRUSTEESHIP.

Under Bankr. Act, July 1, 1898, c. 541, § 2, subd. 8, 30 Stat. 545 (Comp. St. 1913, § 9586), giving courts of bankruptcy power to close estates when they have been fully administered, by approving the final account and discharging the trustees, and to reopen them whenever it appears they were closed before being fully administered, and subdivision 17, authorizing such courts, pursuant to the recommendation of creditors, or when they neglect to recommend the appointment of trustees, to appoint trustees, and section 44 (section 9628), providing that the creditors at their first meeting after the adjudication, or after a vacancy has occurred in the office of trustee, or after the estate has been reopened, etc., shall appoint one or three trustees, and that, if they do not appoint a trustee or trustees, the court shall do so, the vacating of an order closing an estate and discharging the trustee did not ipso facto restore the trustee to his trusteeship, and there was a vacancy in the office; the statute changing the rule that, where the court directs an order previously made to be stricken out, it is the same as if such order had never existed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 574; Dec. Dig. ⬤➾372.]

8. BANKRUPTCY ⬤➾372—REOPENING ESTATE—ELECTION OF TRUSTEE.

Under Bankr. Act § 2, subds. 8, 17, and section 44, upon the reopening of an estate after the discharge of the trustee, the court should not appoint a trustee; it being necessary to proceed as in the first instance for the election of a trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 574; Dec. Dig. ⬤➾372.]

⬤➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

9. BANKRUPTCY ☞372 — REOPENING ESTATE — APPOINTMENT OF TRUSTEE — "DE FACTO OFFICER."

Where, after an estate in bankruptcy was closed and the trustee discharged, the court reopened the estate and reinstated the old trustee, the appointment of the old trustee, though erroneous, was not void, and he was a "de facto officer," acting under color of title to the office, as where there is a de jure office and one is irregularly appointed to it, or is appointed by an authority not competent under the law to make the appointment, he is a de facto officer.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 574; Dec. Dig. ☞372.

For other definitions, see Words and Phrases, First and Second Series, De Facto Officer.]

10. BANKRUPTCY ☞372—REOPENING ESTATE—APPOINTMENT OF TRUSTEE.

Where, upon the reopening of an estate in bankruptcy, the court erroneously reinstated the old trustee, and certain creditors subsequently petitioned the court to vacate so much of the order as reinstated such trustee, and for such a modification of the order as would provide for a meeting of the creditors to elect a trustee, it was not error for the court, in providing for such a meeting, to provide that the old trustee should continue to act until the election and qualification of his successor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 574; Dec. Dig. ☞372.]

Petition to Revise Order of the District Court of the United States for the Western District of New York.

Hugh J. O'Brien, of Rochester, N. Y., for petitioner.

Ernest B. Millard, of Rochester, N. Y. (Isaac Adler, of Rochester, N. Y., of counsel), for trustee and creditors.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. It appears that the Rochester Sanitarium & Baths Company, organized as a corporation under the laws of the state of New York, was adjudicated a bankrupt, in the United States District Court for the Western District of New York, on March 4, 1909. In due course Simon L. Adler was appointed trustee of its estate. Thereafter, and on or about November 21, 1911, the estate of the bankrupt was closed, and the trustee was discharged, and his bond canceled. Subsequently, and on or about June 18, 1913, two of the creditors of the bankrupt petitioned the court to reopen the estate, and the court without notice to the other creditors made an ex parte order vacating and setting aside its former order discharging the trustee, and thereupon reinstated the said Adler as trustee. It appears that prior to his discharge Adler had brought an action as trustee in the Supreme Court of New York against Weis & Fisher and obtained a verdict in favor of the estate for $2,800. A new trial was granted, and the order granting it had been affirmed in the Appellate Division of the Supreme Court. As the opinion of the Appellate Division had been adverse to the trustee, no further steps had been taken by the trustee, and at the time of his discharge it had been assumed that he could gain nothing by a prosecution of the suit. But after his discharge, and in June, 1913, the Court of Appeals in New York rendered a decision in Crowe v. Liquid Carbonic Co., 208 N. Y. 396, 102

☞For other cases see same topic & KEY-NUMBER 'n all Key-Numbered Digests & Indexes

N. E. 573, which was regarded by some of the creditors as practically overruling the previous decision of the Appellate Division in the case brought by the trustee, and they called to the attention of the court below the fact that the action against the Weis & Fisher Company was still pending and undetermined. The court's order reopening the estate was as follows:

"Ordered, that the estate of said Rochester Sanitarium & Baths Company, bankrupt, be and the same is reopened; that the order discharging the said Simon L. Adler as trustee herein be and the same hereby is vacated and set aside; and it is further ordered, that the said matter of Rochester Sanitarium & Baths Company, a corporation, bankrupt, be referred to Hon. Quincy Van Voorhis, one of the referees in bankruptcy of this court, to take such further proceedings therein as may be proper, and the said Simon L. Adler be and he hereby is reinstated as such trustee, and authorized to continue the administration of said estate, upon filing with the referee in bankruptcy herein such bond as may be directed and approved by such referee. It is further ordered, that upon filing such bond as may be directed and approved by the said referee in bankruptcy, the said Simon L. Adler, as trustee, be and hereby is authorized to continue the prosecution of said action brought by himself as trustee against Weis & Fisher Company, and to take such steps as may be proper in the administration of said estate."

The trustee at once qualified and brought the action against the Weis & Fisher Company to trial a second time and again obtained a verdict in his favor. This time the Appellate Division sustained the verdict, and judgment was entered for $4,030.30. An appeal has been taken to the Court of Appeals of the state of New York, which was pending at the time of the argument of this cause. This judgment against the Weis & Fisher Company is said to be the only asset of the bankrupt estate.

On July 20, 1914, five creditors of the bankrupt estate petitioned the court to vacate so much of the order of June 18, 1913, as reinstated Adler as trustee and authorized him to continue the administration thereof, and that it be modified, so as to provide for the calling of a meeting of the creditors for the purpose of electing a new trustee. The court accordingly on November 4, 1914, modified its former order entering the following order:

"First. That an election for trustee be held at the instance of the referee in bankruptcy for Monroe county, and that the reinstated trustee continue to act until the election and qualification of his successor, who shall thereupon be subrogated to the rights of the former.

"Second. That, except as above modified, the order herein of this court of June 18, 1913, be approved and confirmed."

The petitioner seeks a revision of the order as thus modified, claiming it to be erroneous in matter of law in the following particulars:

(1) In that it failed to adjudge and declare null and void as of date thereof so much of the order of June 18, 1913, as reinstated the trustee of the above-named estate and authorized him to continue the administration thereof; and

(2) In that it provided that the reinstated trustee should continue to act until the election and qualification of his successor, "who shall thereupon be subrogated to the rights of the former"; and

(3) In that it further provided that, except as above modified, the order of June 18, 1913, be approved and confirmed.

**[1-5]** The power to vacate or set aside judgments is a common-law power inherent in courts of general jurisdiction. All courts of record possess the power as incident to their existence. But the power is to be exercised by the court which rendered the judgment, and none other can take cognizance of the application. And a motion to set aside a judgment is addressed to the sound legal discretion of the court, and its determination of the matter is not disturbed on appeal, unless it is plain that its discretion has been abused. The greater power includes the less, and the common-law rule is that a court has entire control over its own orders, and may vacate them at any time during the term at which they are made. Born v. Schneider (C. C.) 128 Fed. 179 (1904); Killian v. State, 72 Ark. 137, 78 S. W. 766 (1904); Seiter v. Mowe, 182 Ill. 351, 55 N. E. 526 (1899); State v. Gabriel, 88 Mo. 631 (1886); Servatius v. Pickel, 30 Wis. 507 (1872). See 29 Cyc. 1518. There are no terms of court in bankruptcy, so that an adjudication of bankruptcy, it is held, may be vacated after the expiration of the term wherein it was entered. As the Supreme Court of the United States declared in Sandusky v. National Bank, 23 Wall. 289, 293, 23 L. Ed. 155 (1874):

> "The District Court, for all the purposes of its bankruptcy jurisdiction, is always open. It has no separate terms. Its proceedings in any pending suit are therefore at all times open for re-examination upon application therefor in an appropriate form. Any order made in the progress of the cause may be subsequently set aside and vacated upon proper showing made, provided rights have not become vested under it which will be disturbed by its vacation."

**[6-8]** The general rule is that where a court, in the exercise of its jurisdiction, directs an order previously made by it to be stricken out, it is the same as if such order had never existed. Williams v. Floyd, 27 N. C. 649 (1845). If that principle governed the vacating of the order discharging a trustee in bankruptcy, then Adler would have been reinstated as trustee of the bankrupt corporation by the order of June 18, 1913, even though that order had not in express terms declared him to be reinstated. But the principle we are discussing is not applicable in such cases, as the matter is governed by the express language of the Bankruptcy Act. That act confers jurisdiction upon the District Courts as courts of bankruptcy, and provides in section 2, subdivision 8, that they shall have power "to close estates, whenever it appears that they have been fully administered, by approving the final accounts and discharging the trustees, and reopen them whenever it appears they were closed before being fully administered." It then provides in subdivision 17 of the same section that the court shall have power "pursuant to the recommendation of creditors, or when they neglect to recommend the appointment of trustees, appoint trustees, and upon complaints of creditors, remove trustees for cause upon hearings and after notices to them." And in section 44 it is provided that:

> "The creditors of a bankrupt estate shall, at their first meeting after the adjudication or after a vacancy has occurred in the office of the trustee, *or after an estate has been reopened*, or after a composition has been set aside or a discharge revoked, or if there is a vacancy in the office of trustee, ap-

point one trustee or three trustees of such estate. If the creditors do not appoint a trustee or trustees as herein provided, the court shall do so."

We think the language of this section makes it plain that, when an order is vacated which discharges a trustee in bankruptcy, it does not have the effect usually given to vacating orders, and the old trustee is not ipso facto restored to his trusteeship, but there is a vacancy in the office which cannot be filled by the court. It is necessary to proceed as in the first instance, and the law is so interpreted by the text-writers.

Mr. Remington states in section 2314 of his work on Bankruptcy that:

"Upon the reopening of the estate a trustee must be elected, the old trusteeship not being revived by the reopening. And the court may not appoint a trustee unless the creditors have first been given an opportunity to do so and have failed to make choice. The reopening of the estate effects no more than the putting of the estate back into process of administration. Steps must be taken just as if the estate had never been closed."

And Mr. Collier's statement is similar on page 530 of his work:

"Where an estate is reopened the office of trustee is vacated, and the court cannot appoint unless the creditors have failed to do so."

The Circuit Court of Appeals in the Eighth Circuit had occasion to pass upon this matter (In re Newton, 107 Fed. 429, 431, 46 C. C. A. 399, 401 [1901]), and said:

"This section, in our opinion, confers upon the creditors of the estate the same authority and power with respect to the appointment of a trustee, after an estate once closed has been, by order of court, reopened, as is conferred upon them at the first meeting held after the adjudication. It confers upon the creditors, as the parties chiefly interested, the right in either case to select their own trustee. When they fail to do so, either at the first meeting, or afterwards, in case of a reopening of the estate, and not till then, power is conferred upon the court to make such appointment."

The District Judge in the case at bar took the same view of the matter when the petition was presented asking him to vacate his order of June 18, 1913, in which he reinstated Adler as trustee. In disposing of that petition he said:

"Hence I hold that under section 44 of the Bankruptcy Act it devolves upon the creditors, where it is desired to reopen the estate of a bankrupt after it has been closed and the trustee discharged, to appoint a new trustee, and that accordingly the order reinstating trustee Adler should not have been made."

[9, 10] Thereupon the court directed that the referee should call a meeting of the creditors for the selection of a new trustee, but continued Adler as trustee until the new trustee could be appointed who was then to succeed to the rights of the former. It is insisted that the appointment of Adler was void and without effect. We cannot concur in that view of the matter, and we think that the action of the District Judge in continuing Adler as trustee until his successor could be appointed in the manner provided for in the act was not improper or unwarranted, but, on the contrary, was the wisest course the court could adopt under the circumstances of the case.

In Scofield v. United States, 174 Fed. 1, 98 C. C. A. 39 (1909) the Circuit Court of Appeals in the Sixth Circuit held that, where a trustee

in bankruptcy absconded and was removed, the appointment of a new trustee by the court, without calling a meeting of the creditors for an election, was at most an irregularity, and that the legality of the appointment could not be questioned collaterally by persons who were not creditors. The court said:

"The whole matter of appointing trustees is subject to the power and superintendence of the court. If the court ought to have summoned the creditors to elect a trustee, its failure to do so was a mere irregularity, and cannot be taken advantage of collaterally, certainly not by those who are not creditors or otherwise interested in the appointment."

In our opinion the reinstatement of Adler as trustee was an act within the court's jurisdiction, but mistakenly made. The act was not void and without effect. It made Adler a trustee de facto. Where there is a de jure office, and one is irregularly appointed to it, or is appointed by an authority not competent under the law to make the appointment, he is a de facto officer and under color of title to the office. The leading case in this country on the subject of de facto officers is that of State v. Carroll, 38 Conn. 449, 9 Am. Rep. 409, decided by the Supreme Court of Connecticut in 1871. In that case the court defines an officer de facto as follows:

"An officer de facto is one whose acts, though not those of a lawful officer, the law, upon principles of policy and justice, will hold valid so far as they involve the interests of the public and third persons, where the duties of the office were exercised:

"First. Without a known appointment or election, but under such circumstances of reputation or acquiescence as were calculated to induce people, without inquiry, to submit to or invoke his action, supposing him to be the officer he assumed to be.

"Second. Under color of a known and valid appointment or election, but where the officer had failed to conform to some precedent requirement or condition, as to take an oath, give a bond, or the like.

"Third. Under color of a known election or appointment, void because the officer was not eligible, or because there was a want of power in the electing or appointing body, or by reason of some defect or irregularity in its exercise, such ineligibility, want of power, or defect being unknown to the public.

"Fourth. Under color of an election or appointment by or pursuant to a public unconstitutional law, before the same is adjudged to be such."

We are not called upon to consider the validity of the acts done by the de facto trustee. They are not involved in this proceeding. But the law gives effect to acts of officers de facto. See Norton v. Shelby County, 118 U. S. 425, 441, 6 Sup. Ct. 1121, 30 L. Ed. 178 (1886); Clinton v. Engelbrecht, 80 U. S. (13 Wall.) 434, 20 L. Ed. 659 (1871); People v. White, 24 Wend. 520 (1840); Dolan v. Mayor, 68 N. Y. 274, 282, 23 Am. Rep. 168 (1877). It was therefore proper, in the order providing for the election of the new trustee, to provide, as the court did, that the reinstated trustee should "continue to act until the election and qualification of his successor, who shall thereupon be subrogated to the rights of the former."

The petition to revise is dismissed.