# IN THE MATTER OF J. LLOMPART É HIJOS,
## Bankrupts.

---

San Juan, Bankruptcy, No. 140.

. REOPENING CLOSED BANKRUPTCY ESTATE.

Bankruptcy—Allowance of Claims—Review.

1. The proper manner to review the decision of the referee as to allowance of claims and priorities is by petition of review, and after an estate has been closed it cannot be reopened for the purpose of re-viewing such decision.

Bankruptcy—Reopening Estate.

2. The only ground for reopening estates is that it appear that they were closed before being administered, that there are unad-ministered assets.

Same.

3. An estate may be reopened upon a petition alleging improper allowances to attorneys as fees and to the referee for expenses; such sums are still in the hands of the court, as the referee and attorneys are officials of the court, and they, therefore, constitute unadmin-istered assets.

Opinion filed April 24, 1916.

---

*Mr. Besosa* for petition.

*Mr. Dexter* for referee.

HAMILTON, Judge, delivered the following opinion:

A petition to reopen this estate shows that the adjudication

In the Matter of Llompart é Hijos.

of J. Llompart é Hijos occurred on March 9, 1915; that the creditors proved their claims at meetings; and the assets were converted into cash, amounting in all to $2,386.42. That the claims of unsecured creditors amounted to $8,201.07, and the amount realized by them, after payment of expenses of administration and secured claims, was $1\frac{1}{15}$ per cent, to wit, $94.29. The petition further alleges that there was lack of full administration in that the referee received $25 advanced expenses, not accounted for, that the referee subsequently allowed himself almost $100 for further expenses, that the attorney of the bankrupts received $100 and the attorney of the trustee $200 and that the referee allowed as priority claims, house rent for December, 1914, and January, February, and March, 1915, to the amount of $212, and further house rent at $85 per month for July, August, September, October, November, and December, 1914, and January, February, and March, 1915, amounting in all to $1,020. That there were further unexplained accounts paid as presented by the bankrupts, and objected to by petitioner, amounting to $60.99. Petitioner alleges that "he, after the closing of the estate and only a few days ago, became aware of the above," and prays that the necessary steps be taken to recover the sums of money paid as priorities, especially house rent. The petition is verified and filed under § 2 (8) of the Bankruptcy Act as to reopening of an estate, and asks that the proceeding be rereferred to the referee, and for further relief.

The petition was put at issue, and upon the hearing it developed that the petitioners were notified of the meeting designed to close up the estate, were present by counsel, and that an account of the trustee was exhibited showing most of the items

In the Matter of Llompart é Hijos.

now objected to. The testimony was not clear as to whether counsel actually had the stated account in his hands or not, but it was on the referee's table and open to examination. The counsel in the case shortly afterwards sailed for the states and was for some time absent from the Island.

1. It is contended for the referee that the action before him and the fact that the petitioners did not file a petition for review from the action of the referee is now conclusive. The finding of the referee is entitled to the same consideration as that of the district judge upon conflicting evidence. Re Simon, 151 Fed. 507. It is of course the duty of the referee to order payment of claims, including priority claims, and, in general, to order distribution. Re Tildon, 91 Fed. 501. Claims which are duly proved shall be allowed unless objection be made or continuance had by the court. Bankruptcy Act, § 57 (d). Claims which have been allowed may be reconsidered for cause, and reallowed or rejected before the estate has been closed. Bankruptcy Act, § 57 (k).

It would seem, therefore, that it is now too late to appeal to the court for any action as to priorities. Whether a reopening of the case would also reopen consideration of the claims which have been allowed need not now be determined.

2. The only ground allowed in the statute for reopening estates is when "it appears that they were closed before being administered." There seems to have been in one sense a full administration in this case, in that there was nothing left over, and no assets are named in the petition for the trustee to recover if the estate should be reopened. The usual ground for reopening is where unknown assets are discovered after the closing of the estate. Re Newton, 46 C. C. A. 399, 107 Fed.

*In the Matter of Llompart é Hijos.*

429; Re Paine, 127 Fed. 246. In such case it is just as much the duty of the court to reopen the estate as it is under § 47 (a) the court's duty to close up the estate as expeditiously as is compatible with the interests of the parties. It must therefore be made to appear that there are unadministered assets.

3. The statute prescribes how re-examination may be had of a claim filed. The referee must fix a time for hearing the petition, give notice by mail, and then examine the creditor and witnesses, and order accordingly. Bankruptcy Act, § 57 (k), C. O. XXI. The exact question presented by this case, however, is somewhat different. There are allegations that several amounts, aggregating several hundred dollars altogether, have been improperly applied by the referee to expenses or attorneys' fees. Whatever may have been the negligence of the creditor before the referee, it is now represented before the court by verified petition that there have been assets of the estate applied to expenses not authorized by law. It is not necessary to pass at present upon the grounds *vel non* of this allegation. It may be said that the hearing did not show that these allowances for expenses or fees were proper. It may be that the allowances can be shown to be proper, and, if so, the record will be in better condition than it is at present. An allowance of $300 in attorneys' fees where there is no evidence of special litigation in collecting the assets of $2,000 would seem too large, although there might be some explanation. The court is unwilling to leave the referee and attorneys under any such imputation, and thinks that the better plan would be to reopen the estate and re-refer the matter to the referee for such decision as may be proper.

The ground of reopening is the existence of unadministered

In the Matter of Llompart é Hijos.

assets, and there would be no doubt that if the amounts in question were still in the hands of the referee or attorneys, who are all in a very high sense officers of the court, they would constitute assets unadministered. The fact that their payment has been ordered by the referee, if this order is improper, would not alter the case. Assets which have not reached the hands of creditors and are still in the hands of court officials are under the law to be considered as unadministered. It must be observed, however, that the court is not deciding that the orders in the premises were improper, but is merely referring the matter to the referee for re-examination, so that evidence may be had pro or con, on the subject for future action of the court.

The petition is therefore granted and the estate reopened.