KENYON v. CHAIN O'MINES, Inc.

In re UNITED GILPIN CORPORATION.

No. 1890.

Circuit Court of Appeals, Tenth Circuit.

Oct. 27, 1939.

Thomas K. Hudson, of Denver, Colo., for appellant.

Herbert M. Munroe, of Denver, Colo., and Johan Waage and Louis Cohen, both of Chicago, Ill., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This matter comes before this court on an appeal from an order of the District Court of the United States for the District of Colorado modifying a previous order in the matter of United Gilpin Corporation, a corporation, bankrupt.

On November 27, 1937, a suit was filed by Chain O'Mines, Inc., against United Gilpin Corporation, a corporation, in the District Court of Illinois, Eastern Division. This suit involved the title and ownership of property standing in the name of United Gilpin Corporation and claimed by Chain O'Mines, Inc., as its property. This is the same property listed in Schedule B (1) and Schedule B (2) in the bankruptcy proceedings of United Gilpin Corporation. On April 9, 1938, a decree was entered in the District Court of Illinois, decreeing that Chain O'Mines, Inc., was the owner of this property; that United Gilpin Corporation had obtained title to the property by fraud; that Chain O'Mines, Inc., was entitled to such property, and United Gilpin Corporation was directed to reconvey this property to Chain O'Mines, Inc.

On April 9, 1938, a petition in involuntary bankruptcy was filed against United Gilpin Corporation in the District Court for the District of Colorado, and an adjudication of bankruptcy was had on April 29, 1938.

On June 15, 1938, Chain O'Mines, Inc., appeared by special and limited appearance in the bankruptcy proceeding, petitioning the bankrupt court to have the properties listed in B (1) and B (2) of the bankrupt's schedule excluded, and that the trustee be ordered to disclaim any right in these properties. This matter was referred to a referee. After various hearings, the referee made his report to the court, reporting that Chain O'Mines, Inc., was entitled to an order directing the trustee in bankruptcy to disclaim any right, title or interest in the property except such rights belonging to creditors of United Gilpin Corporation as had not been adjudicated in the Illinois hearing.

On October 21, 1938, the District Judge entered a memorandum opinion approving and affirming the decision of the referee and directing that an order in accordance with these views be prepared. On November 2, 1938, an order was entered confirming the report, findings, conclusions of law and decision of the referee in this matter and ordering the trustee in bankruptcy to surrender up and deliver possession of the properties in Schedule B (1) and B (2) to Chain O'Mines, Inc., without prejudice to rights of creditors of United Gilpin Corporation to pursue any remedy against the property for the enforcement and collection of any claim against Chain O'Mines, Inc., for which the property of Chain O'Mines, Inc., might be liable, and directing that for the purpose of preserving the status of the properties for the benefit of creditors pending determination of any suit, a lis pendens be filed, to operate as a notice of the pendency of such action to Chain O'Mines or any grantee of it.

The order further provided that pending any such suit or suits, Chain O'Mines, Inc., be enjoined from leasing, encumbering, alienating, removing or destroying the buildings and the principal machinery and equipment therein contained; that the trustee have thirty days from October 21 within which to commence any suit for the benefit of creditors; that during such period Chain O'Mines be enjoined from transferring, leasing, encumbering, alienating, removing or destroying any of the assets described in the schedules in question, and that the bankruptcy court reserve jurisdiction of such property during the

pendency of any suit or suits, either by the trustee for the benefit of creditors, or by creditors in their own right.

On January 14, 1939, Chain O'Mines, Inc., filed a petition for a modification of the order of November 2, 1938, seeking a modification of that part of the order prohibiting it from selling or disposing of any of its assets. Petitioner alleged that the order of November 2, as prepared, was not in conformity with the direction of the District Judge in his memorandum opinion directing the preparation of an order. The petition further set forth that Chain O'Mines, Inc., was engaged in a reconstruction program of its property and rehabilitation of the same; that this program involved moving of its mill, and barter and exchange and rehabilitation of its machinery and equipment. This application was heard by the court, and on February 7, 1939, a new order was entered by the court modifying the order of November 2 by eliminating therefrom the provision prohibiting Chain O'Mines, Inc., from selling or disposing of any of the property during the period of litigation.

It is contended that the court erred in modifying the order eliminating therefrom the injunction against the disposal of the property listed in the two schedules. The contention is made that appellee herein could not take the benefits of the order of November 2 and also appeal therefrom.

■ The effect of the order appealed from was merely to amend the decree of November 2, 1938, to conform to the findings, conclusions of law and decision of the referee. A judgment may be amended to make it conform to the findings and decision where by mistake or inadvertence it has been entered in terms differing therefrom. United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Woods Bros. Const. Co. v. Yankton County, S.D., 8 Cir., 54 F.2d 304, 81 A.L.R. 300; United Zinc & Chemical Co. v. Britt, 8 Cir., 264 F. 785. The application of appellee for a modification of the order of November 2 was not an appeal from that order. It was merely a proceeding to correct an order to make it conform to the decision.

■ The District Court, for the purpose of its bankruptcy jurisdiction, has no separate terms. Its proceedings in any pending suit are at all times open for re-examination upon any application submitted for that purpose. An order made in the progress of the cause may be subsequently set aside and vacated upon a proper showing made, providing rights have not become vested under it which will be disturbed by the vacation. Sandusky v. First Nat. Bank, 23 Wall. 289, 23 L.Ed. 155; In re Rochester Sanatarium & Baths Co., 2 Cir., 222 F. 22; Hume et al. v. Myers et al., 4 Cir., 242 F. 827.

 The court had full power and authority to vacate or modify the order of November 2 upon any proper showing. The order of the court modifying its previous order should not be disturbed on appeal in the absence of a clear showing of an abuse of discretion or an invasion of a vested right. No such showing is made by the record in this case.

The judgment of the trial court is affirmed.