### In re CADENAS & COE.

### Ex parte HIRSCH LUMBER CO.

(District Court, S. D. New York. April 26, 1910.)

1. BANKRUPTCY (§ 380*)—TRUSTEE—DISTRIBUTION OF FUNDS.

Where, after the appointment of a trustee for a bankrupt firm, an assignee of the firm's assets was ordered to deliver such assets to the trustee, the latter to hold the assignee harmless from any claims against the assignee with reference to any money or property transferred to the trustee, and he, with notice of petitioner's claim before confirmation of a composition, proceeded therewith without notice to petitioner and distributed the proceeds, the trustee was either guilty of negligence, or of a conscious effort to cut petitioner off from any recourse to the fund, and, petitioner having recovered judgment in the state court in an action in which the trustee was a party, he was bound thereby, and was liable for the amount of the judgment.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 380.*]

2. BANKRUPTCY (§ 219*)—TRUSTEE—LIABILITY TO ORDERS OF COURT.

A trustee in bankruptcy prior to his discharge is amenable to the orders of the court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 356; Dec. Dig. § 219.*]

In the matter of the bankruptcy proceedings against Cadenas & Coe. On petition of the Hirsch Lumber Company for an order requiring a trustee to satisfy a judgment recovered by petitioners against the assignee of the bankrupts. Granted.

This is an application by the petitioner, the Hirsch Lumber Company, for an order directing the trustee in bankruptcy of the firm of Cadenas & Coe to satisfy a certain judgment rendered in the Supreme Court of the State of New York and entered on March 24, 1910, against Charles B. Hubbell, assignee of the firm of Cadenas & Coe, and in favor of the petitioner.

The claims of the petitioner upon which the aforesaid judgment was rendered arose out of a transaction on March 1, 1907, wherein Mr. Hubbell, then in possession of the firm's property under the deed of assignment dated February 15, 1907, sold a quantity of lumber for $690.92, which lumber the petitioner claimed as its own property.

On May 28, 1907, upon the appointment of a trustee in bankruptcy of the firm of Cadenas & Coe, the following order of this court was entered:

"Ordered and adjudged that Charles Bulkley Hubbell be, and he hereby is, directed to pay, turn over, assign, and transfer to Richard H. Webber, trustee in bankruptcy, all of the money, property, and interest in and title or right to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

property which passed to the said Charles Bulkley Hubbell under the deed of assignment dated the 15th day of January, 1907; and the said assignee is directed and ordered to execute any and all papers necessary to transfer and to vest in the trustee all of the title to any property which the said partners assigned to said assignee. And it further ordered that the said trustee shall take all moneys, property, and interest in property so transferred and assigned to him by said assignee, subject to all superior equities which other persons may have to said money or property against said assignee, and that the trustee shall assume to defend the assignee's title to said funds or property so transferred to him by said assignee, without costs or expense to said assignee, and that he will hold the assignee harmless from any claims which may be made by third persons against said assignee with reference to any money or property which shall be transferred by said assignee to the said trustee."

The trustee held the firm property until October 29, 1907, when, pursuant to the confirmation of a composition entered into by one of the bankrupts, William Knox, and creditors of the firm, the court ordered the trustee to turn over to Mr. Knox all the assets of the partnership. Meanwhile, and during the period when the trustee held the property, and before he transferred it to Mr. Knox, the petitioner's claim and the proposal to bring an action thereon were brought to the knowledge of the trustee's attorneys, White & Case.

Ralph J. M. Bullowa, for petitioner.
White & Case, for trustee.

HAND, District Judge (after stating the facts as above). The order of May 28, 1907, gave notice to the trustee that he took subject to equities, a provision which was unnecessary; but it gave no notice of any specific equities. The same order directed the trustee to defend any suits brought against the assignee. The trustee's attorneys, White & Case, did in fact appear and defend the suit in which judgment was entered against the assignee. Meanwhile, and on October 29, 1907, an order confirming a composition was entered under which subsequently the trustee, as directed, turned over the assets to the bankrupts, the consideration for which the trustee has since then distributed. The trustee claims that this order protected him, though he does not assert that he brought to the court's attention at any time the existence of the petitioner's claim against the assignee.

Therefore, the trustee, being charged in general with equities upon the fund, put it out of his hands without seeking to protect those equities by reserving any part of the fund or of the consideration. If he did this without knowledge of the existence of the claim, I do not consider that the terms of the order charged him; but, if he had adequate knowledge of the claim, he was in the same position as any other person who with knowledge of existing equities attaching to a res disposes of the res—that is, he became responsible as trustee to the person injured.

On September 11, 1907, the petitioner wrote to the assignee asking for an appearance in his proposed action. On October 2, 1907, the trustee's attorneys, White & Case, wrote a letter, headed "Hirsch & Co. v. Hubbell," saying, among other things, that they had before them the summons and complaint which had been served on the former attorney for the assignee, and asking for an extension of time, as they must assume the defense of that action. This the petitioner answered on October 3, 1907. Again on October 9, 1907, White & Case wrote inclosing an extension to plead till October 17th. On

October 25, 1907, they wrote suggesting a discontinuance; but, as indicating that they knew the claim might not be abandoned, they said:

"If, however, it is your intention to proceed further with this matter, our client instructs us to decline to discontinue, unless costs are paid. We trust you will conclude to refrain from further proceeding, and we feel that this is the proper course."

On October 28, 1907, the petitioner wrote:

"Also please advise me if you will appear for Mr. Hirsch in an action to be commenced in the Supreme Court."

On October 29, 1907, White & Case wrote:

"We take it from your letter that you do desire to bring another action in the Supreme Court."

This was the very day the order of composition was confirmed, and White & Case refer to it in their letter, the first intimation of the composition which the petitioner received.

This correspondence leaves no doubt that the trustee had the fullest notice of the claim before the composition was confirmed and went on without advising the petitioner of the composition till he supposed it· was too late. Could there. be a more absolute disregard of the petitioner's rights guaranteed him specifically by this court? If it was not carelessness, it must have been a conscious effort to cut him off from any recourse to the fund.

The judgment in the Supreme Court is binding, because the trustee was vouched in and actually assumed the conduct of the cause.

I can see no possible escape for the trustee. It is ·urged that the result is unjust; but I cannot see why. At best he was most careless, and his carelessness must fall on his own head. Certainly it would be most unjust to throw it upon the petitioner. Again he says that the petitioner could have sued in this court. So he could; but he need not have done so, or at least the trustee might have applied to compel him to come here on pain of a distribution .of the assets without regard to his rights. He suggested nothing of the sort, but continued in disregard of his claim. Clearly it is only justice, as well as law, that in so doing he should be held to have taken the chance of the event, and the chance has gone against him.

I see no reason to change my first decision, and an order must pass directing the trustee to pay the claim personally upon an assignment of the petitioner's rights, which the trustee may then try to work out against the bankrupt who received the fund. Upon the validity of such a claim, of course, I make no suggestion.

The trustee is still amenable to the orders of this court, as he has not been discharged; perhaps he would be, if he had.

Nor can I see any ground for a stay unless the trustee give security here or in the Supreme Court of New York.