UNITED STATES, for Benefit of O'BRIEN, v. SONDHEIM et al.

(District Court, D. Massachusetts.   Aug. 8, 1910.)

No. 249.

1. DISMISSAL AND NONSUIT (§ 53*)—MOTION—CONTENTS—GROUNDS.
    A motion to dismiss should be based on grounds appearing from the writ and declaration, and cannot in strictness set up additional facts of record in the court.
    [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 107; Dec. Dig. § 53.*]

2. BANKRUPTCY (§ 387*)—COMPOSITION—CONFIRMATION—EFFECT—"DISMISSED."
    Bankruptcy Act July 1, 1898, c. 541, § 12e, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427) declares that on confirmation of a composition the consideration shall be distributed as the judge shall direct and the case dismissed. Held, that "dismissed" as so used meant only that the court should proceed no further with the administration of the estate under the bankruptcy act, and not that no further proceedings in the case should be taken to terminate the same, and hence did not deprive the referee of jurisdiction conferred by section 22a(1) to thereafter pass on the accounts of the trustee, and, after allowing the same, direct that the trustee be discharged and the estate closed.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 616; Dec. Dig. § 387.*
    For other definitions, see Words and Phrases, vol. 3, pp. 2104, 2105.]

3. BANKRUPTCY (§ 373*) — DISCHARGE OF TRUSTEE — EFFECT — LIABILITY ON BOND.
    Where after confirmation of a bankrupt's composition, the referee entertained an application to settle and allow the trustee's account, and allowed the same and discharged the trustee without any objection or appeal by the bankrupt, he could not thereafter disregard or dispute such allowance in a suit on the trustee's bond to recover the amount in his hands at the time the composition was confirmed.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 373.*]

4. BANKRUPTCY (§ 373*)—TRUSTEE'S ACCOUNT—ALLOWANCE—CONCLUSIVENESS.
    Where a bankrupt did not object to the allowance of the trustee's account showing that $895 in the trustee's hands at the date of confirmation of a composition had been lawfully expended during the bankruptcy

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

administration, and did not appeal from the order allowing it, he could not successfully claim in a suit on the trustee's bond that the amount so expended by the trustee was the bankrupt's property, and should have been returned to him on a confirmation of the composition.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 373.*]

5. BANKRUPTCY (§ 373*)—ACTION ON TRUSTEE'S BOND—PREREQUISITES—ACCOUNTING.

Where a bankrupt's trustee had not absconded without settling his accounts, but his account rendered had been allowed, showing the expenditure of the amount demanded by the bankrupt in the administration of the estate, an order directing that the trustee should account, was a necessary prerequisite to an action on his bond to recover property belonging to the estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 373.*]

Action by the United States, for the benefit of Dennis J. O'Brien, against Philip J. Sondheim and the American Surety Company. On motion to dismiss. Granted.

Joseph P. Lyons, for plaintiff.
A. K. Cohen, for defendants.

DODGE, District Judge. Dennis J. O'Brien was adjudged bankrupt in this court July 27, 1907. The defendant Sondheim was appointed and qualified as trustee of his estate August 6, 1907. The present suit is brought against him and the surety company upon his bond as trustee. The declaration alleges that certain property came into the defendant's hands as trustee of the estate, which he sold for $895; that an offer of composition was confirmed by the court on October 6, 1908; that the bankrupt thereupon became entitled to the $895 received by the defendant as above; that he has demanded it from the defendant, who refuses to pay it; and that the amount is now due the bankrupt from the defendants because of a breach of the conditions of their bond. The records in the bankruptcy case show, besides his appointment and qualification as above, that the defendant Sondheim filed a final account as trustee before the referee on October 12, 1908. This was after the confirmation of the composition offer, which was on October 6th, as alleged, but the creditors' final meeting, duly notified for October 2, 1908, was still pending, having been on that day adjourned to January 22, 1909. There was a further adjournment of the final meeting to May 11, 1909, on which day the trustee's account was approved and allowed, the trustee discharged, the meeting closed, and the case concluded. There was no attempt to review the order of the referee allowing the trustee's account, and the time has expired within which such a review might have been had. The account purports to show that the $895 had all of it been devoted by the trustee to expenses of administration.

[1] The defendant's motion to dismiss sets up the above facts, which are facts of record in this court in the bankruptcy case referred to. Strictly speaking, it might be said that they do not support a motion to dismiss, which is only to be allowed upon grounds appearing from the writ and declaration. What the defendant here relies

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on does riot so appear, but is established otherwise, namely by the records of the bankruptcy case. The plaintiff, however, has not objected on this ground, and both parties have argued the question whether the facts relied on, which are undisputed, require the dismissal of the plaintiff's action. I therefore consider that question without regard to the form in which it is raised. The bond sued on follows official form No. 25, and is conditioned that the defendant as trustee—

"shall obey such orders as said court may make in relation to said trust, and shall faithfully and truly account for all the moneys, assets, and effects of the estate of said bankrupt which shall come into his hands and possession, and shall in all respects faithfully perform all his official duties as said trustee."

The only requirement in the bankruptcy act regarding the form of bonds to be given by trustees is that their bonds shall be "conditioned for the faithful performance of their official duties." Bankruptcy Act, § 50b.

[2] The plaintiff contends that section 12e of the act, providing that "upon confirmation of the composition the consideration shall be distributed as the judge shall direct, and the case dismissed," and section 70f, which provides that upon confirmation of a composition offer by a bankrupt "the title to his property shall thereupon revest in him," have the effect of making the trustee unconditionally and immediately liable to the bankrupt for all property of the estate in his hands at the moment of the confirmation, so that there has been a breach of the bond if the trustee has failed to pay or deliver to the bankrupt any such property upon demand. According to the plaintiff's contention, the confirmation of the composition on October 6, 1908, rendered all the subsequent proceedings before the referee null and void. Confirmation of a composition implies and conclusively establishes, according to this view, a previous final and complete settlement of all claims by the trustee upon the estate, so that he cannot thereafter be heard to assert any claim, lien, or charge to or upon it or any part of it. It seems to me clear that section 12e does not mean that after confirming a composition the court has lost all further power over the case except to distribute the consideration. The case is to be dismissed, but "dismissed" in this connection can mean no more than that the court is not to proceed further with its administration of the estate under the bankruptcy act. It does not mean that there is to be no longer any case before the court, as if the petition or the proceedings had been dismissed under sections 3c, 18d, 18e, 58a (8), or 59d, 59g. Since the consideration must in every case remain to be distributed, and since compositions are not infrequently confirmed within the year allowed for proving claims, the court must retain jurisdiction for these purposes at least. Immediate dismissal is neither directed nor intended. Collier, Bankruptcy (7th Ed.) 243. Dismissal is to be when everything remaining for the court to do has been done, and not before, and until that time has arrived I do not see any sufficient grounds for saying that the referee has lost all power to act in the case for any purpose. A general reference like this, made

under section 22a (1), authorizes the referee "to take such further proceedings as are required" by the act. Presumably, therefore, it continues in force until no such proceedings are any longer required. Section 38a (4) excepts from the referee's jurisdiction all questions arising out of the application for composition, but there may obviously be further proceedings required after a composition has been confirmed which involve no such question. No such question would be involved in the receipt and allowance or disallowance of a creditor's claim not barred by section 57n, even if presented after the confirmation; and it is therefore not clear to me why the referee, if he has not closed the case, may not receive and allow or disallow such a claim. No such question would be necessarily involved in holding or closing the creditors' final meeting, nor in settling the trustee's final account at that meeting, and if any of these proceedings have not been had when the composition is confirmed, they are still proceedings required by the bankruptcy laws. When all these things have been done, and not before, can the referee, according to section 39, "perfect and transmit to the clerk" the records he is required to keep "when the case is concluded." I do not think a proper interpretation of the act requires confirmation of a composition to be regarded as superseding such further proceedings before the referee or rendering them impossible; provided, of course, that no further step be taken in the administration of the estate, which must stop with the confirmation of the composition. It may well be that steps previously taken will have raised questions which ought not to be left pending and undetermined, and the act can hardly have been intended to require that they must be so left for want of any authority to determine them. Section 2 (8) seems to contemplate approval of the trustee's accounts and his discharge as essential to the closing of an estate when it has been fully administered. For the purposes of this clause, confirmation of a composition may well have been intended as the equivalent of full administration, but there is difficulty in supposing it intended to divest the court at once of all jurisdiction to close the estate in the manner provided. If this is the right view, section 55f would seem to require or contemplate a final meeting when the affairs of the estate are ready to be closed, no less in cases terminated by composition than in others. A discharge, moreover, may well be a matter of importance to the trustee, and there is a further difficulty in supposing the act to intend that after confirming a composition the court shall be without power to order any discharge. In a recent case the trustee was ordered by the court to satisfy a judgment rendered against him after confirmation of a composition, in a suit, the defense of which he had undertaken before composition. The trustee, it was said, was still amenable to the orders of the court, as he had not been discharged. In re Cadenas & Coe (D. C.) 178 Fed. 158. And, if there is still jurisdiction in the court over the trustee, his final account, and his discharge, I think there is still jurisdiction in the referee, to whom such matters properly belong under the original order of reference, and under Gen. Order 17, 89 Fed. xxxvi, 32 C. C. A. ix.

[3] I must rule, therefore, that the proceedings before the referee after confirmation of the composition were valid and the bankrupt bound by their result. If they were valid as regards jurisdiction, he cannot claim that he had not due notice of them. Not only had the final meeting been notified for October 2, 1908, four days before the composition was confirmed, but the first meeting and examination, as the records show were still pending, had also been adjourned to October 2, 1908, and were thereafter successively adjourned, with the final meeting, to January 22 and May 11, 1909. If there was anything in the fact that these meetings were still pending and the trustee's final account not yet settled which made it improper or undesirable to confirm the composition on October 6th, I cannot see that the trustee was any more to blame than the bankrupt for omitting to represent the state of the case to the court. If there was anything in the composition offer or the referee's report thereon upon which the court acted on October 6th, constituting an objection to the allowance of the trustee's final account, the bankrupt should have raised the objection before the referee. Having neither opposed nor appealed from the allowance of the account, he cannot now disregard it nor be heard to dispute it.

[4] If, as the trustee's account purported to show, the $895 demanded by the declaration had all been lawfully expended by the trustee during the bankruptcy administration, it was not the bankrupt's property in the trustee's hands, and confirmation of the composition could not revest him with any title to it. The plaintiff cannot be heard to allege, now that the trustee's account has been settled and he has been discharged, that the amount referred to was his property in the trustee's hands, or that he became entitled to it when the composition was confirmed.

[5] When a trustee has absconded without settling his accounts and cannot be found, an order directing him to account has been held not a necessary prerequisite to an action on his bond to recover property belonging to the estate. Scofield v. U. S., 174 Fed. 1, 3, 98 C. C. A. 39. But, as said in that case, such an order might and probably would be proper where such a proceeding is practicable. The declaration does not allege that this trustee has failed to obey any order of the court or to account for the estate in his hands. Since what is alleged cannot be said, in view of the record, to constitute a failure in the faithful performance of his official duties, it cannot constitute a breach of his bond.

The motion to dismiss is granted.