## In re MAYTAG–MASON MOTOR CO.

(District Court, N. D. Iowa, E. D.   June 22, 1915.)

### No. 744.

BANKRUPTCY ⬅387—COMPOSITION—CONFIRMATION—EFFECT.

Under Bankr. Act July 1, 1898, c. 541, § 12e, 30 Stat. 549 (Comp. St. 1913, § 9596), providing that on the confirmation of a composition the consideration shall be distributed as the judge shall direct, and the case dismissed, and section 13, authorizing the judge, on application within 6 months after confirmation, to set the same aside and reinstate the case, and section 63b, providing for the liquidation of unliquidated claims against the bankrupt as the court shall direct, and section 57n, providing that claims liquidated by litigation within 30 days before or after one year after adjudication in bankruptcy shall be proved within 60 days after judgment, and section 70f, providing that on the confirmation of a composition the title to the bankrupt's property shall revest in him, the confirmation of a composition not set aside nor challenged operates, under section 14c, as a discharge of the bankrupt from all debts other than those he has agreed to pay under the composition, and a judgment liquidating a claim rendered in a suit pending at the time of the filing of the petition in bankruptcy, not filed and proved within the statutory time, cannot thereafter be proved as against the bankrupt estate, and the bankrupt is, as against the judgment, entitled to a return of the bonds deposited as security for the payment of debts made a part of the composition confirmed by the court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 603–605, 607–616; Dec. Dig. ⬅387.]

In Bankruptcy. In the matter of the Maytag-Mason Motor Company, alleged bankrupt. Submitted on petition of the bankrupt for an order for the return to it of $6,000 of its first mortgage bonds, deposited by it with the Black Hawk National Bank of Waterloo, a depository for bankruptcy funds, by order of the court, as security for the payment of certain notes of the bankrupt, made as part of an offer of composition, upon the alleged ground that said notes have been paid by it. F. L. Maytag also filed a cross-petition. Cross-petition denied, and bankrupt's petition granted.

E. R. Mason, of Des Moines, Iowa, for alleged bankrupt.

Haffenberg, Friedman & Haffenberg, of Chicago, Ill., for objectors thereto.

REED, District Judge. It appears from the pleadings and records in this case that an involuntary petition in bankruptcy was filed against the alleged bankrupt in September, 1911. In due time (and before the adjudication, under the amendment of June 25, 1910) the bankrupt offered terms of composition to its creditors, which offer was duly accepted by the requisite number of creditors at a meeting of creditors called for that purpose, and upon notice to the creditors and a hearing thereon was confirmed without opposition thereto by the judge, and the consideration ordered by him to be distributed, which was later done, but no formal order of dismissal of the bankruptcy case was entered. The American Ball-Bearing Company, of Cleveland, Ohio, filed an

unliquidated claim against the bankrupt for $102,430.58, which has been scheduled by the bankrupt, but as to which it alleged in the schedules that it was not indebted to the Ball-Bearing Company in any sum upon such claim, but, on the contrary, that the Ball-Bearing Company was indebted to it in a large sum. When the petition was filed, a suit was pending in the Circuit Court of the United States for this district by said Ball-Bearing Company against the bankrupt upon such claim. The bankruptcy court, upon application of the Ball-Bearing Company, made an order that said claim be liquidated in the suit so pending. In May, 1913, said suit was tried in this court as the successor of said Circuit Court, and judgment was rendered therein in favor of the Ball-Bearing Company against the alleged bankrupt and F. L. Maytag and one William Galloway, who were parties defendant to that suit, for $60,267, from which no appeal or writ of error was ever taken, and such judgment became final as of the date thereof. That judgment was never proved or filed against the bankrupt in the bankruptcy court.

The petition for the return of the bonds was filed in this court January 13, 1915, and due notice thereof was served upon the Ball-Bearing Company to appear on May 11, 1915, the first day of the May, 1915, term of this court, at Waterloo, and show cause, if any it had, why the petition of the bankrupt should not be granted. On that day the Ball-Bearing Company appeared by attorneys and objected to the granting of the petition, upon the ground, as alleged, that the judgment had never been paid, though the composition and confirmation thereof, and the liquidation of the claim by judgment, as stated, were admitted. The matter, after argument, was submitted to the court, with leave to counsel of the Ball-Bearing Company to file a brief in support of its objections to the granting of the petition. On May 18, 1915, counsel who appeared for the Ball-Bearing Company filed what is labeled "an answer and cross-petition of F. L. Maytag, assignee of the judgment of the American Ball-Bearing Company against the bankrupt," which alleges the assignment to Maytag of that judgment, and contains proof of a claim in behalf of said Maytag against the bankrupt upon such assignment to him of the judgment of May 27, 1913, and asks that it be allowed as a claim against the bankrupt estate nunc pro tunc as of November 14, 1911, in lieu of the unliquidated claim of the Ball-Bearing Company against the bankrupt, and that the petition of the bankrupt for the return of the bonds be denied. The confirmation of the composition is admitted, and its validity is not challenged in any way.

The applicable provisions of the Bankruptcy Act are:

Sec. 12c. "Upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed. Whenever a composition is not confirmed, the estate shall be administered in bankruptcy as herein provided."

Sec. 13. "The judge may, upon * * * application of parties in interest filed at any time within six months after a composition has been confirmed, set the same aside and reinstate the case" (for the reasons stated in the section).

Sec. 63b. "Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against the estate."

Sec. 57n. "Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication; or if they are liquidated by litigation, and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment. * * * "

Sec. 70f. "Upon the confirmation of a composition offered by a bankrupt, the title to his property shall thereupon revest in him."

There is neither allegation nor proof by either the Ball-Bearing Company or Maytag why the judgment liquidating the claim of the Ball-Bearing Company was not filed and proved within 60 days after the rendition of such judgment, as provided in section 57n. It is urged, however, in behalf of Maytag, that inasmuch as there was no adjudication in bankruptcy, the time within which the creditors can make such proof is not limited. But under section 12e of the Bankruptcy Act, upon confirmation of the composition and the distribution of the consideration, the case is dismissed without adjudication, and the bankruptcy case is at an end.

In this case the Ball-Bearing Company effected in some manner a settlement of its judgment with Maytag, one of the defendants therein, and assigned the judgment to him; and it may fairly be inferred that, having thus relied and realized upon its judgment, the Ball-Bearing Company was no longer interested in the bankruptcy proceeding or the judgment, and did not therefore prove or attempt to prove the judgment against the bankrupt estate. The confirmation of the composition has never been set aside, and its validity is not now and never has been challenged. The case in bankruptcy is therefore at an end, except for the collection of unpaid costs, if any, and the closing of the record, and no order can now rightly be made allowing any further claim against the bankrupt estate. In fact, the confirmation of the composition is a discharge of the bankrupt from all its debts other than those it agreed to pay by the terms of the composition, which are not affected by the discharge. Section 14c of the Bankruptcy Act. Upon confirmation of the composition, the title of the bankrupt to all its property revests in it, and if the consideration for the composition has not for any reason been paid by it, the remedy of the creditor for the recovery thereof is against it as upon a new cause of action, which is not affected by the discharge. See, as having some bearing upon the questions involved herein, the recent decision in the case of Cumberland Glass Manufacturing Co. v. De Witt, 237 U. S. 447, 35 Sup. Ct. 636, 59 L. Ed. ——, decided by the Supreme Court May 10, 1915.

The judgment liquidating the claim of the Ball-Bearing Company not having been proved and filed within 60 days after it became final, such judgment is barred by section 57n of the Bankruptcy Act; and the bankrupt is entitled to the return of the bonds deposited with the Black Hawk National Bank. It is therefore ordered that the prayer of the cross-petition of F. L. Maytag be and hereby is denied; that the petition of the bankrupt for the return of the bonds in the Black Hawk National Bank of Waterloo be granted; that said bank, upon delivery to it of a certified copy of this order, deliver to the clerk of this court the said $6,000 of bonds of the bankrupt, taking the clerk's

receipt therefor, and the clerk will then return said bonds to the bankrupt, taking its receipt therefor.

The certified copy of this order shall not be issued or made by the clerk until after 30 days from the filing of this opinion. It is ordered accordingly.