## In re ALPERT.

(District Court, E. D. New York. November 14, 1916. On Objections to Composition, December 16, 1916.)

1. BANKRUPTCY ⊜378—COMPOSITION—RIGHT TO.

Bankr. Act July 1, 1898, c. 541, § 14c, 30 Stat. 550 (Comp. St. 1913, § 9598), provides that the confirmation of a composition shall discharge the bankrupt from his debts other than those agreed to be paid by the terms of the composition and those not affected by a discharge. Claimant contended that the bankrupt had misappropriated a large sum of money and that such claim was not a debt dischargeable in bankruptcy. The bankrupt offered a composition and filed a schedule of creditors which did not include the claimant. *Held*, that the composition should not be confirmed until claimant was paid such a dividend as it would be entitled to receive, were its debt dischargeable in bankruptcy, or such sum was deposited in court for its benefit, without prejudice in either case to assertion that the debt is not dischargeable, for any other procedure would result in giving a preference to those creditors whose debts were dischargeable.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 601; Dec. Dig. ⊜378.]

On Objections to Composition.

2. BANKRUPTCY ⊜374, 407(1)—DISCHARGE—RIGHT TO.

A bankrupt, who has stolen or fraudulently received a sum of money belonging to another, cannot retain the amount and schedule the claim as a debt, and thereafter obtain a discharge in bankruptcy or effect a composition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 575, 729, 737, 738, 741, 750, 751, 758; Dec. Dig. ⊜374, 407(1).]

3. BANKRUPTCY ⊜407(3)—DISCHARGE—PREFERENCE.

The mere receipt of a preference is no bar to a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 740, 742–749; Dec. Dig. ⊜407(3).]

4. BANKRUPTCY ⊜345, 376—PREFERENCE—PRIORITY.

Where one who has received a preference becomes a bankrupt, the preference cannot be collected in full as a priority claim, either in bankruptcy or on composition by the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 534, 539, 540, 598–600, 602; Dec. Dig. ⊜345, 376.]

In Bankruptcy. In the matter of the bankruptcy of David Alpert. On motion to confirm referee's report, approving a composition offered. Report affirmed on condition, and objections overruled.

David Alpert, in pro. per. for the motion.

Ginzberg & Picker, of New York City, for trustee.

Alexander Levine, of New York City, for petitioning creditors, not opposing.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CHATFIELD, District Judge. [1] It appears that the trustee of the estate of Gussie Nankin, in bankruptcy in this court, claims the misuse of a large sum of money delivered to the bankrupt Alpert, by the bankrupt Nankin, and for the recovery of which proceedings in the Nankin estate are now pending. The bankrupt Alpert is offering a composition (which has been approved by the referee), and has filed a schedule of creditors, which does not include the estate of Nankin. The reason for this exclusion appears to be that the estate of Nankin has refused to file a claim in the Alpert estate as a general creditor, upon the theory that its debt is not one dischargeable in bankruptcy, and that it is based upon an act of embezzlement or deliberate concealment of assets, by a trustee of an express trust, from Nankin or her creditors.

Section 14c of the bankruptcy law provides as follows:

"The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

Under this the Nankin estate should be allowed to preserve its rights if it (in addition to a possible criminal charge) can show a claim not dischargeable in bankruptcy. At the same time the Nankin estate should receive the share of the Alpert estate which it would have if the Nankin debt be dischargeable in bankruptcy, as otherwise the creditors of the Alpert estate, who receive a dividend, would receive a preference over the remaining creditor, whose debt, nevertheless, was not wiped out by the composition. Either the composition should include the payment of this dividend, and the dividend should be paid with an express provision that it is on account of a debt claimed to be not dischargeable, or the bankrupt Alpert must deposit the amount which would be the dividend to be paid upon the amount which is claimed by the Nankin estate, and the amount of this claim may be litigated further.

The present motion to confirm the referee's report upon the composition will be granted, upon deposit by Alpert of the dividend to be paid to creditors generally, estimated upon the total amount of the claim by the estate of Gussie Nankin, and if the claim of the Nankin estate is contested by Alpert, the referee's report upon the composition will be returned, so far as this claim is concerned, in order that testimony may be taken and the claim allowed or disallowed. The result of this allowance or disallowance will be considered without prejudice, however, to future enforcement of the claim (if it be found to exist), without reference to the discharge effected by the composition, except in so far as the amount of the debt may be reduced by the dividend paid.

## On Objections to Composition.

David Alpert is offering a composition. He has now by direction of the court included such amount as he may owe to the Gussie Nankin estate, and upon November 15, 1916, the composition was confirmed upon that basis. The special master in the Nankin estate has now reported that Alpert was a creditor of the Nankin estate and received a preferential payment amounting to $432.66. He also reports

that the balance of the moneys in Alpert's hands was turned back by him to Gussie Nankin, and that report has been confirmed so far as Alpert is concerned.

The trustee of the Nankin estate now seeks to further oppose confirmation of the composition in the Alpert estate upon the theory that Alpert received the money from Gussie Nankin as a wrongdoer and that his creditors would have no right to be enriched at the expense of the Nankin estate. Hence it is urged that Alpert cannot receive the benefits of his own wrong by offering a composition and treating the Nankin estate as a creditor, and thus prevent their receiving the full amount of its claim at the hands of the bankrupt, when, as they claim, they would obtain it from the bankrupt's creditors if no composition had been offered.

[2-4] It may be assumed that, if the proceedings in the Nankin estate had shown that Alpert was a wrongdoer in the sense that he had stolen or fraudulently received the sum of $432.66 which belonged to the Nankin creditors, he could not retain that amount and schedule the claim as a debt in his own estate. He could not obtain a discharge in bankruptcy, and hence could not put through a composition. McIntyre v. Kavanaugh, 242 U. S. 138, 37 Sup. Ct. 38, 61 L. Ed. ——, decided in the Supreme Court of the United States December 4, 1916.

But it is now determined that the debt owing from Alpert to Nankin is but the return of a preferential payment. The receipt of a preference is not a bar to discharge, nor can the preference be collected in full as a priority claim, in the event of either bankruptcy or composition by the party receiving the preference. This was directly decided by the order entered November 15, 1916. No appeal or petition to review has been filed, but, as the same question is involved in the final order confirming the composition, the matter has been reconsidered upon the merits.

The objections to the composition will be overruled.