### In re CLEMENT D. CATES & CO.

(District Court, S. D. Florida. December 5, 1922.)

1. **Bankruptcy** ⊚⇒140(3)—**Owner of converted stocks must trace proceeds into fund to be entitled to priority.**

    To entitle the owner of stocks which were pledged by bankrupts as brokers with a correspondent and sold by the correspondent to priority of payment from a fund in the hands of the trustee, he must trace the proceeds of his stocks into such fund.

2. **Bankruptcy** ⊚⇒371—**Alleged preferential claim cannot be asserted after trustee has disbursed all assets and has been discharged.**

    A trustee cannot be required to pay an alleged preferential claim after he has disbursed all funds of the estate under orders of the court and has been discharged.

In Bankruptcy. In the Matter of Clement D. Cates & Co., bankrupts. On review of order of referee denying claim of John M. Miller as preferred claim, and petition of W. F. Hampton for preferential payment. Order affirmed, and petition denied.

See, also, 283 Fed. 541, 546.

A. J. Rose and A. H. Hazeltine, both of Miami, Fla., intervening petitioners.

P. L. Gaskins, of Jacksonville, Fla., for trustee.

Geo. M. Powell, of Jacksonville, Fla., for bankrupts.

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CALL, District Judge. This cause comes on for a hearing upon the petition of John M. Miller to review the order of the referee denying his petition to have allowed his claim as preferred. Subsequently, on November 13th, W. F. Hampton filed his petition to this court to have the trustee pay him the amount which might be left after satisfying Miller's claim. Both claims are based upon judgments recovered by petitioners against the bankrupts, for conversions of certain stocks hypothecated to the bankrupt; Miller's judgment being obtained April 8, 1922, and Hampton's May 22, 1922.

An involuntary petition in bankruptcy was filed against the bankrupts December 1, 1921, and on December 9, 1921, they were adjudicated. On December 5, 1921, Miller commenced his suit, and in February following Hampton brought his. Writs of garnishment were sued out in each of the suits, and served upon a Miami bank, in which the bankrupts had a deposit. These writs were subsequently dismissed upon the intervention of the trustee, and the amount on deposit in the Miami bank withdrawn by the trustee. Each of these petitioners appeared upon the schedules of the bankrupts as creditors. Subsequent to the adjudication, an offer of composition was made by the bankrupts, which in due and regular course was accepted by the creditors and duly confirmed by the court, and a dividend of 20 per cent. paid and the trustee discharged.

[1] These petitioners seek to have this amount on deposit in the Miami bank at the time of the bankruptcy proceedings applied to the extinguishment of their claims as preferred, and they rest their contentions on the theory that this deposit was money derived from the unauthorized sale of stocks, the property of petitioners. Of course, neither could derive any claim to the fund from the writs of garnishments issued and served upon the bank, which prior to the judgments were dismissed by the state court. This question came up in the proceeding upon claims of other parties seeking to have the stocks delivered to them, or their proceeds paid over, and was submitted to Judge Clayton. Upon the hearing Judge Clayton affirmed the orders of the referee and filed an opinion in the case, which in my judgment disposes of the contention of the petitioners here.

There is no tracing of the proceeds of the sale of the stocks to the fund sought to be subjected to the judgment of petitioners, and this is necessary. The proofs in the case show that the stocks had been hypothecated to the bankrupt's correspondent in New York, and sold by these correspondents, and the proceeds applied to the debt then due them from the bankrupts.

[2] In so far as the Hampton petition, which seeks to have the trustee pay the amount, is concerned, the trustee was discharged November 1st, and his petition filed November 13th, or after all funds in the hands of the trustee had been disbursed upon the order of the court confirming the composition—a very different case from that before Judge Hand. In re Cadenas & Coe (D. C.) 178 Fed. 158. Here the petitioner had no equities in the fund to be protected.

It is the judgment of the court that the order of the referee, made May 12, 1922, be affirmed, and that the petition of Hampton be denied. It will be so ordered.