## In re M. D. MIRSKY & CO., Inc.

Circuit Court of Appeals, Second Circuit.
May 6, 1929.

No. 332.

David W. Kahn, of New York City, for appellant.

David Haar, of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). The claim of Aqua Realty Corporation stands upon a somewhat different footing from the others and may conveniently be discussed first. This creditor was listed in the bankrupt's schedules and at a given figure. It is true that the debt was stated to be in dispute and that no cash consideration to cover it was deposited in the composition offer; but before the composition was confirmed the bankrupt was required to give a bond to secure to this creditor payment of the composition dividend in the event that the claim should be allowed. The regularity of this practice is not questioned, and we say nothing concerning it. Even if the taking of a bond in lieu of cash,

without the creditor's consent; were to be deemed an irregularity, the bankrupt can take no advantage of it, for it was on this condition that his composition was confirmed. See In re Watman, Konopolsky & Bernstein, 291 F. 886, 888 (D. C. S. D. N. Y.). The bankrupt can stand no better than as if it had deposited the requisite composition consideration to abide liquidation of the disputed claim.

 Hence, to defeat Aqua Realty Corporation's claim, the bankrupt is forced to contend that a scheduled creditor, the amount of whose debt is disputed, must, before the composition is confirmed, move to have his debt liquidated under penalty of forfeiting all interest in the composition consideration deposited to secure it. Nothing in the act or in the decided cases sustains such a position. In In re Watman, Konopolsky & Bernstein, supra, it was held that a creditor whose name was listed in the schedules without stating the amount of his debt could have his claim liquidated after confirmation of the composition, and could compel payment of the composition dividend. It is settled by Nassau Smelting & Refining Works v. Brightwood Bronze Foundry Co., 265 U. S. 269, 44 S. Ct. 506, 68 L. Ed. 1013, that the statutory limitation imposed by section 57(n); 11 USCA § 93(n), on proving claims against a bankrupt estate does not apply to scheduled creditors in a composition. As the court there points out the creditor's proof is not against the "bankrupt estate," but is a "claim against funds deposited by the debtor pursuant to a bargain with his creditors."

In re Maytag-Mason Motor Co., 223 F. 684 (D. C. N. D. Iowa), can no longer stand in the light of the Nassau decision. Section 12(e); 11 USCA § 30(e), provides that upon confirmation of the composition "the consideration shall be distributed as the judge shall direct." This gives jurisdiction to determine disputed claims to the fund. The proof of claim filed by Aqua Realty Corporation was merely a way to get the claim liquidated. Either party could have initiated the proceeding. If the bankrupt chose to let it lag, the creditor could start it at any time, at least within reason, by a petition for payment, or by filing a proof of claim, and in view of the terms of the bond the latter form of procedure was perhaps the more appropriate.

Upon the merits of the bankrupt's motion for adjournment we say nothing. This appeal has doubtless accomplished greater delay than would have been obtained had the motion been granted. The order respecting the claim of Aqua Realty Corporation is affirmed. One-half the costs of this appeal will be allowed to this appellee against the appellant.

 We come now to the claims of the two other creditors. They may be considered without differentiating between them. These creditors were not mentioned in the schedules, and they assert the right to prove their claims, on the theory that a bankrupt's offer of composition is made to all his creditors, whether scheduled or not. Section 12(a) of the act permits a bankrupt to offer "terms of composition to his creditors after * * * he has filed in court the schedule of his property and the list of his creditors required to be filed by bankrupts." His offer must be accepted in writing by a majority in number and amount of "all creditors whose claims have been allowed," and there must be deposited "the consideration to be paid by the bankrupt to his creditors, and the money necessary to pay all debts which have priority and the cost of the proceedings." Not until these conditions have been met may the bankrupt apply for confirmation of his composition. Section 12(b). After allowing an opportunity for objections (section 12(c), the judge shall confirm the composition, if satisfied that it is for the best interest of the creditors, that the bankrupt has not been guilty of acts which would bar his discharge, and that the offer and acceptance were in good faith and not improperly made or procured (section 12(d). Upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed. Section 12(e).

From these provisions we think it inferable that the bankrupt's offer is to pay the creditors scheduled, and no others. Unless it be so confined, the judge cannot know that adequate consideration has been deposited before the order of confirmation; nor can the bankrupt, since there is no statutory limitation as to proving against the composition fund, know when he is through with being called upon to put up more. The rule for which the appellees contend would be impractical in administration and is not necessary to protect creditors. If a creditor not scheduled knows of the proceedings before confirmation, he may file his claim, and the bankrupt may be compelled to amend his offer before the composition will be confirmed. If the claim be disputed, the judge has authority to confirm the composition before passing upon the claim, provided consideration be deposited to cover it in the event of its subsequent allowance. See In re Al-

pert, 237 F. 295 (D. C. E. D. N. Y.). If an unscheduled creditor, with seasonable knowledge of the proceedings, fails to act before confirmation, it is his own neglect. On the other hand, if the omitted creditor does not learn of the proceedings in season, the discharge does not bind him. Sections 14(c) and 17 (11 USCA §§ 32(c), 35). See Birkett v. Columbia Bank, 195 U. S. 345, 25 S. Ct. 38, 49 L. Ed. 231.

Such a creditor may at once resort to the bankrupt's assets, which revert to him upon confirmation of the composition. Section 70(f) (11 USCA § 110(f). And, if the debt has been fraudulently omitted from the schedules, the composition may be set aside within the time limited by section 13 (11 USCA § 31). Hence omitted creditors are amply protected, and the bankrupt has every inducement to schedule all his debts. Therefore we think the bargain between the bankrupt and his creditors should be, and is, fixed by the order of confirmation. As we said in In re Isidor Klein, Inc. (C. C. A.) 22 F.(2d) 906, 910, the Bankruptcy Act "contemplates that the bankrupt's composition, when he applies for confirmation, shall be a contract between him and his creditors already executed on his part." See, also, In re Siegel, 256 F. 226 (C. C. A. 2). His execution is the deposit of the composition fund. This fund is measured by the claims of creditors who have been scheduled, or who have made claim as creditors before the order of confirmation. In re Harvey, 144 F. 901 (D. C. E. D. Pa.).

Nothing in the authorities appears inconsistent with this view. In re Abrams & Rubins, 173 F. 430 (D. C. S. D. N. Y.), is directly in point, and was approved by intimation in In re Laubheim Bros., 22 F.(2d) 910, 912 (C. C. A. 2). Our recent decision in the Klein Case, supra, intimates nothing to the contrary, for there the bankrupt was scheduled. Wechsler v. United States, 27 F.(2d) 850 (C. C. A. 3), dealt with a claim for taxes entitled to priority in payment under the terms of the composition. The United States was listed as a priority creditor, but its debt was stated at too small a figure. After confirmation, the United States proved its debt for a larger sum than scheduled, and demanded payment of a balance of the deposit which had not been needed to pay general creditors. The bankrupt (or his backer, who had provided the money) asked for the return of this balance. The court directed payment to the United States. This is not a decision that such a balance would have been given to a general creditor, whose name did not appear in the schedules. We adhere, therefore, to the view already stated that the two unscheduled claimants can have no interest in the composition deposit. See In re Lane, 125 F. 772 (D. C. Mass.).

If the creditors whose claims are now under discussion may not share in the composition, we see nothing on which to base jurisdiction of the referee to allow their claims. See In re Cooper Bros., 166 F. 932 (D. C. S. D. N. Y.); Black, Bankruptcy (3d Ed.) § 658. Compare United States v. Sondheim, 188 F. 378 (D. C. Mass.). In a careful opinion the District Judge stated that he was not passing upon what practical benefit, if any, the creditors might obtain by the allowance of their claims; but he thought section 57(n) gave them the right to prove claims at any time within six months after adjudication. He also suggested that, if a composition should be set aside pursuant to section 13, a situation might arise in which an unscheduled creditor might be deprived of sharing in dividends if he had failed to prove his claim within the time limited by section 57(n). Whether such possibility of there being a "bankrupt estate" would justify proof and allowance of a claim after confirmation of a composition we need not now say. There are dicta of this court that, with the signing of the order of confirmation, the bankruptcy court loses jurisdiction, except to set it aside for fraud or to distribute the composition deposit. See In re Laubheim Bros., supra. Compare United States v. Sondheim, supra.

In the instant case, however, the referee's order was made after the time for attacking the composition was past. Hence there was not even the possibility of there being a "bankrupt estate," and section 57n deals only with proof against such an estate, as was said in the Nassau Case. Therefore we think the court was without jurisdiction to allow the claims, and that the motions to strike the claims from the files should have been granted.

The orders respecting the claims of Cady, Schapiro & Schapiro and Schapiro & Schapiro are reversed. One-half the costs in this court will be allowed to the appellant against these appellees.