In re HOLLINS et al.

(Circuit Court of Appeals, Second Circuit. January 11, 1916.)

No. 55.

1. BANKRUPTCY ☞387—JURISDICTION OF COURTS OF BANKRUPTCY.

C. and S. pledged securities with H. & Co., who repledged them to a bank, also pledging certain securities of their own. A petition in bankruptcy was filed against H. & Co. and a receiver appointed. C. and S. thereafter petitioned the court for an order directing the receiver to consent to the purchase by them of the notes of the bankrupt firm held by the bank, and to the delivery by the bank to them of the collateral securing such notes, which petition was granted, whereupon C. and S. paid the bank the amount due it, and the securities pledged were turned over to them, and by them subsequently sold. After the granting of such petition the bankrupt's offer of composition was confirmed. Thereafter it filed a petition asking that C. and S. be directed to pay over to them or to the receivers the proceeds then remaining in their hands of the securities turned over by the bank to C. and S., which at the time were the property of the bankrupt, on the theory that C. and S. had no right to apply such securities in the first instance to the payment of the debt, without applying their own pledged securities pro rata. *Held,* that under Bankr. Act July 1, 1898, c. 541, § 70f, 30 Stat. 565 (Comp. St. 1913, § 9654), providing that, upon the confirmation of a composition, the title to the bankrupt's property revests in him, and section 21g, providing that a certified copy of an order confirming a composition shall constitute evidence of the revesting of the title in the bankrupt, the bankruptcy court had no jurisdiction; the property sought to be recovered not being in the custody and control of the bankruptcy court when the composition was confirmed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 603–605, 607–616; Dec Dig. ☞387.]

2. COURTS ☞255—UNITED STATES COURTS—JURISDICTION.

All the courts of the United States are courts of limited jurisdiction, and they possess only such powers as are expressly or by necessary implication conferred upon them by the Constitution and acts of Congress.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 792, 794, 805, Dec. Dig. ☞255.]

3. COURTS ☞23—JURISDICTION—CONSENT OF PARTIES.

Parties cannot by consent invest a court with jurisdiction or power not authorized by law or conferred upon it by the Constitution, though where jurisdiction has attached, and the cause of action or subject-matter is legally and properly within the power and cognizance of a court, it may proceed upon consent or stipulation with reference to the matters before it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 75, 75½, 81; Dec. Dig. ☞23.]

4. COURTS ☞405—CIRCUIT COURT OF APPEALS—LACK OF JURISDICTION BELOW.

Where the District Court had no jurisdiction of a petition by a bankrupt, whose offer of composition had been confirmed, to require the pay-

ment of money to it or to the receiver in bankruptcy, the Circuit Court of Appeals could not consider the case on the merits, though the question of jurisdiction was not raised by the parties, and though a determination on the merits was probably desired by all parties.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101–1103; Dec. Dig. ☞405; Appeal and Error, Cent. Dig. §§ 156, 3302, 3386.]

Petition to Revise and Appeal from Order of the District Court of the United States for the Southern District of New York.

In the matter of Harry B. Hollins and others, alleged bankrupts. A petition of H. B. Hollins & Co. to compel Crossman & Sielcken to pay over money to the petitioners, or to A. Leo Everett, receiver in bankruptcy, was denied, and the petitioners appealed and filed a petition to revise. Affirmed without prejudice.

Beekman, Menken & Griscom, of New York City (William C. Armstrong, of New York City, of counsel), for petitioners and appellants.

Leonard B. Smith, of New York City, for respondents.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. This case presents an interesting question relating to the marshalling of securities. The respondents, Crossman & Sielcken, pledged certain securities with the firm of H. B. Hollins & Co. before the alleged bankruptcy of the latter, who repledged them to the Chase National Bank. At the same time the securities of the respondents were pledged, H. B. Hollins & Co. pledged with the bank certain securities of their own. Subsequently the respondents paid the bank what was due from H. B. Hollins & Co., and all the securities were turned over to them. The present action is brought to determine whether H. B. Hollins & Co. have a right to require that all the securities which the bank held should contribute pro rata to the payment of the debt due from them to the bank, or whether the respondents had the right to apply in the first instance the securities which belonged to H. B. Hollins & Co. We are not, however, at liberty to decide the question upon the merits, as we think the bankruptcy court was without jurisdiction to hear and determine the matter.

[1] It appears that on November 13, 1913, a petition in bankruptcy was filed against the firm of H. B. Hollins & Co., and that on that day a receiver was appointed. On November 21, 1913, the firm of Crossman & Sielcken, the respondents herein, presented a petition to the District Court wherein they sought to obtain an order directing the receiver to consent to the purchase by the firm from the Chase National Bank of certain notes having a face value of $950,000, drawn to the order of the bank and executed by H. B. Hollins & Co., and to the delivery by the bank to the firm of Crossman & Sielcken upon the purchase of the aforesaid notes of all collateral which had been deposited by the firm of H. B. Hollins & Co. with the bank, consisting of $1,073,000 New York City bonds, belonging to Crossman & Sielcken and by them pledged to H. B. Hollins & Co., together with certain securities which belonged to H. B. Hollins & Co., consisting of 50 shares of the stock of the Northern Pacific Railroad Company, and

certain bonds of the St. Louis & San Francisco Railroad of the New Orleans, Texas & Mexico Division. On November 22, 1913, the above petition was granted, and in pursuance thereof Crossman & Sielcken paid the bank the sum of $962,439.69, and the securities which had been pledged to the bank by H. B. Hollins & Co. were then turned over to Crossman & Sielcken and by them were subsequently sold. On June 29, 1914, an order was made by the court confirming an offer of composition made by the firm of H. B. Hollins & Co. to its creditors. On April 21, 1915, H. B. Hollins & Co. filed a petition demanding that the firm of Crossman & Sielcken be directed to pay over forthwith to the petitioners or to the receiver the sum of $4,860.83, the proceeds then remaining in their hands of the securities turned over by the bank and which at the time were the property of H. B. Hollins & Co. On May 12, 1915, that petition was denied. On May 24, 1915, a petition for appeal was presented to the District Court and allowed.

[2] The United States District Courts are by the Bankruptcy Act created into bankruptcy courts, and their jurisdiction as such is limited. All the courts of the United States are of limited jurisdiction. They possess only such powers as are either expressly or by necessary implication conferred upon them. Kempe's Lessee v. Kennedy, 5 Cranch, 173, 3 L. Ed. 70 (1809). Their jurisdiction and powers are derived from the Constitution and the acts of Congress passed in pursuance thereof. Rice v. Minnesota, etc., R. Co., 1 Black, 358, 17 L. Ed. 147 (1861). It is possible under the Bankruptcy Act for a bankrupt to take his estate out of the bankruptcy court. See Remington's Bankruptcy, vol. 3, § 2345. This he may accomplish by means of a composition agreement confirmed by the court. Bankruptcy Act, § 70f declares that:

"Upon the confirmation of a composition offered by a bankrupt, the title to his property shall thereupon revest in him."

And section 21g of the act provides that:

"A certified copy of an order confirming a composition shall constitute evidence of the revesting of the title of his property in the bankrupt, and if recorded shall impart the same notice that a deed from the trustee to the bankrupt if recorded would impart."

In Re Frischknecht, 223 Fed. 417, 139 C. C. A. 11 (1915), we held that moneys or accounts in the hands of bankers which they obtained from a bankrupt prior to his bankruptcy revested in the bankrupt at once when the court confirmed a composition made between him and his creditors, and that he took the same free of any claim or right of the trustee. We accordingly affirmed the action of the court below which had refused to order certain creditors, who had attached in the state court those moneys as the property of the bankrupt as soon as the composition was confirmed, to turn the same over to the trustee in bankruptcy.

[3] So in the case at bar the composition restored the estate to the bankrupt and revested the title thereto in H. B. Hollins & Co. That being so, there was no authority in the District Court to exercise jurisdiction of the claim which these petitioners assumed to bring before it by the petition filed on April 21, 1915. The parties cannot by

consent invest a court with jurisdiction or power not authorized by law or conferred upon it by the Constitution. The fact that the respondents obtained the securities from the Chase National Bank at a time when the District Court as a court of bankruptcy had the estate of H. B. Hollins & Co. in its custody, and that the receiver in bankruptcy, acting under the court's order, made no objection to the delivery by the Chase National Bank of the securities to the respondents upon the payment by the latter of the debt due from H. B. Hollins & Co. to the bank can make no difference. At the time the court confirmed the composition the property now sought to be recovered' was not in the custody and control of the court. It is true that where jurisdiction has attached and the cause of action or subject-matter is legally and properly within the power and cognizance of a court, it may proceed upon consent or stipulation with reference to the matters before it. 11 Cyc. 675. But at the time this proceeding was begun the cause of action or subject-matter was not legally and properly within the power and cognizance of the District Court.

[4] We have no discretion to consider the case on its merits. No doubt counsel on both sides are not only willing, but desirous, to have this court determine whether the brokers in this case had a right to do what they did with the pledged securities, and whether the respondents are entitled to retain all the proceeds realized from the sale of the securities, or must pay over a part of the same now in their hands to these petitioners. But, as we have said in an earlier part of this opinion, the consent of parties cannot give a court jurisdiction, and the petition should have been dismissed by the lower court on that ground. The court decided that it had jurisdiction, and so decided the case on the merits and denied the petition. As the petition should have been denied for want of jurisdiction, we concur in the result, but disclaim all consideration whatever of the merits,, which the court below had no right to consider, and which we have no right to review. The fact that the parties have not raised the question of jurisdiction in this court does not matter.

The order denying the petition is affirmed without prejudice.