In re HOLLINS et al. In re EVERETT. In re HILLQUIT et al.

(Circuit Court of Appeals, Second Circuit. December 12, 1916.)

No. 41.

BANKRUPTCY ☞387—COMPOSITION WITH CREDITORS—EFFECT.

Bankr. Act July 1, 1898, c. 541, § 70f, 30 Stat. 565 (Comp. St. 1913, § 9654), declares that upon confirmation of a composition offered by a bankrupt the title to his property shall thereupon revest in him, while section 21g (section 9605) provides that a certified copy of an order confirming a composition shall constitute evidence of the revesting of title to his property in the bankrupt. A composition offered by a bankrupt was confirmed. Thereafter stocks and bonds or other property which the bankrupt had pledged was delivered by the pledgee to the receiver in bankruptcy, and claims were asserted to such stocks and bonds. *Held* that, as none of the property was in the hands of the receiver before confirmation of the composition, the bankruptcy court was without jurisdiction to entertain claims to such property; the pledgee having no right to deliver it to the receiver in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 603–605, 607–616; Dec. Dig. ☞387.]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of Harry B. Hollins and others. Petition by A. Leo Everett, as receiver, to revise an order of the District Court (230 Fed. 920), made on application of Morris Hillquit and others. Order reversed and set aside.

See, also, 230 Fed. 917.

Beekman, Menken & Griscom, of New York City (S. Stanwood Menken and William C. Armstrong, both of New York City, of counsel), for alleged bankrupts.

Lexow, Mackellar & Wells, of New York City (T. Tileston Wells, of New York City, of counsel), for receiver.

Hillquit & Levene, of New York City (Alexander Levene, of New York City, of counsel), for Morris Hillquit.

Before COXE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. The order involved was made in the Bankruptcy Court after a composition offer had been accepted. The composition was confirmed on June 29, 1914. The order referred

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

to directed the special master to take proof of claims to stocks, bonds, or other property which the alleged bankrupts had pledged to the Hanover National Bank of the City of New York, and which had been turned over by the bank to the receiver in bankruptcy in November, 1915, which was much more than a year after the composition had been confirmed, and which several individuals alleged they were entitled to receive. The bank delivered to the receiver 62 shares of the common stock of Burns Bros. of the par value of $100 each, and $50,-000 par value Grand Valley Irrigation 6 per cent. bonds, and the sum of $125 in cash; the latter representing a dividend on this stock of Burns Bros., which had been collected by the bank. The special master to whom these claims were referred reported that in his opinion the decision of this court in Re Hollins, 229 Fed. 349, 143 C. C. A. 469, which had been handed down on January 11, 1916, and after the matter had been referred to him by the District Judge, ousted him and the District Court sitting in bankruptcy of jurisdiction of the claims filed. On the coming in of this report, the District Judge filed an opinion in which he declared that the facts in the two cases were distinguishable. He said:

"It seems to me that this case is distinguishable from In re Hollins & Co., Ex parte Hollins & Co. (The Chase National Bank Fund) [230 Fed. 917], because several of the claimants here are also creditors whose claims as such were reserved in the order of confirmation for future liquidation. This court, under section 12e [Comp. St. 1913, § 9596], has power to distribute the consideration, and it cannot do this without liquidating the claims. It cannot liquidate the claims until the fund is effectually distributed, since the fund measures the amount left over of the customers' securities, and it is for the value of those securities that they claim to be creditors. If the court had no custody of the fund, this would be a difficulty, perhaps insuperable; but it has, and, having the fund, it has a duty towards its distribution."

He thereupon vacated and set aside the report of the special master and referred the matter back for the further taking of testimony and the making of a further report, entering an order to that effect. It is this order which the petitioner is now asking to have revised.

The Bankruptcy Act, § 70f (Comp. St. 1913, § 9654), declares that:

"Upon the confirmation of a composition offered by a bankrupt, the title to his property shall thereupon revest in him."

And section 21g of the act (section 9605) provides that:

"A certified copy of an order confirming a composition shall constitute evidence of the revesting of the title of his property in the bankrupt, and if recorded shall impart the same notice that a deed from the trustee to the bankrupt if recorded would impart."

But this court, in Re Hollins, supra, in passing on these provisions of the act said:

"So in the case at bar the composition restored the estate to the bankrupt and revested the title thereto in H. B. Hollins & Co. That being so, there was no authority in the District Court to exercise jurisdiction of the claim which these petitioners assumed to bring before it by the petition filed on April 21, 1915. The parties cannot by consent invest a court with jurisdiction or power not authorized by law or conferred upon it by the Constitution. The fact that the respondents obtained the securities from the Chase National Bank at a time when the District Court as a court of bankruptcy had the estate of

H. B. Hollins & Co. in its custody, and that the receiver in bankruptcy, acting under the court's order, made no objection to the delivery by the Chase National Bank of the securities to the respondents upon the payment by the latter of the debt due from H. B. Hollins & Co. to the bank, can make no difference. At the time the court confirmed the composition, the property now sought to be recovered was not in the custody and control of the court. It is true that, where jurisdiction has attached and the cause of action or subject-matter is legally and properly within the power and cognizance of a court, it may proceed upon consent or stipulation with reference to the matters before it. 11 Cyc. 675. But at the time this proceeding was begun the cause of action or subject-matter was not legally and properly within the power and cognizance of the District Court."

This court is unable to distinguish the facts of this case from the facts in the former case. In each case the property involved reached the hands of the receiver after the confirmation of the composition. At the time confirmation was had, none of the property here involved was in the custody or control of the bankruptcy court, but all of it was on deposit in the Hanover National Bank.

We have no doubt of the correctness of our former decision. The Bankruptcy Act in express terms declares that upon confirmation of a composition the title of the bankrupt to his property "shall thereupon revest in him." After the composition was confirmed, the receiver had no right to receive any property as the property of the bankrupt, and the bank had no right to turn over the stocks, bonds, and cash to him, and the bankruptcy court as such was without jurisdiction to pass upon claims made by third parties to the property thereafter turned over.

The order of the District Court is reversed, vacated, and set aside.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes