In re SIEGEL.

Petition of QUINTO.

(Circuit Court of Appeals, Second Circuit. January 15, 1919.)

No. 138.

BANKRUPTCY ⊜⊸386—COMPOSITION—MODIFICATION AFTER CONFIRMATION.

As, after confirmation of a composition, the estate vests in the bankrupt, and jurisdiction of the bankruptcy court ends, except that, under Bankruptcy Act, § 13 (Comp. St. § 9597), a party in interest may within six months move to set aside the composition for fraud, provision therein for payment of certain attorney's fees cannot be stricken on any other ground.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of David Siegel, bankrupt. Petition of Oscar Quinto to revise an order of the District Court. Order (252 Fed. 197) reversed.

Maurice L. Shaine, of New York City, for bankrupt.
James N. Rosenberg, of New York City, for petitioner.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. February 14, 1918, at the first meeting of creditors, David Siegel, the bankrupt, offered a settlement of 37 per cent. in cash and payment of all priority claims, the expenses of the proceeding, and $1,000 to reimburse a committee of creditors for the amount expended by them in employing counsel to make an investigation into the failure and the assets and liabilities of the bankrupt at that time. The offer was accepted by a majority in number and amount of the creditors and the amount necessary to carry it out duly deposited.

April 9, 1918, an order of confirmation was entered by the District Judge. April 10, on motion of the attorney for the bankrupt, he struck out the provision for the payment of the $1,000 aforesaid. June 28, a motion to vacate this latter order and to reinstate the original order was made, which came on to be heard and was denied by the District Judge July 10.

There is a dispute as to whether the committee of creditors had any notice of the order of April 10, and the District Judge disposed of the motion to vacate it and to reinstate the original order on the merits, and not because of laches in making the motion.

On confirmation of a composition the estate vests in the bankrupt

---

⊜⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and the jurisdiction of the bankruptcy court comes to an end (In re Hollins, 229 Fed. 349, 143 C. C. A. 469; Id., 238 Fed. 787, 151 C. C. A. 637), except that under section 13 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. [Comp. St. § 9597]) a party in interest may move to set aside the composition within six months "if it shall be made to appear upon a trial that fraud was practiced in the procuring of such composition, and that the knowledge thereof has come to the petitioners since the confirmation of such composition." No fraud was practiced in this case. The agreement to pay $1,000 was a part of the offer, and it was set out in the affidavit required under District Court rule 23 upon presenting the motion to confirm. No motion was ever made to set aside the composition on the ground of fraud.

The order is reversed.