## In re KALNITZSKY BROS. & OPPENHEIM.

### Ex parte F. U. STEARNS & CO.

(District Court, S. D. New York. February 24, 1922.)

Bankruptcy ⬡⟳387—Confirmation of composition does not deprive court of jurisdiction to determine claims to property in receiver's possession.

The confirmation of a composition with creditors by an alleged bankrupt does not deprive the court, or its referee, of jurisdiction to determine a claim by a third party to property which was then in the actual possession of the court through its receiver in bankruptcy, since the court will not take the affirmative action of returning the property without

---

⬡⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

ascertaining the right of the alleged bankrupt to the property, though, if it was not in the actual possession of the court, so as to require the affirmative act of returning it, the court would have no jurisdiction to determine the claim.

In Bankruptcy. In the matter of the estate of Kalnitzsky Bros. & Oppenheim, alleged bankrupts. On petition by F. U. Stearns & Co. to refer the cause to a special master to hear and report. Petition granted.
Order affirmed 285 Fed. 652.

This is a petition in bankruptcy to refer a cause to a special master, to hear and report, under the following circumstances:

Between June 8 and November 7, 1921, the petitioners sold cotton goods to the alleged bankrupts; the sale being alleged to have been procured by fraud. On December 5, 1921, a petition in bankruptcy was filed against the alleged bankrupts and a receiver appointed, into whose possession came some of the goods so sold. The petitioners made claim against these goods during December, 1921, repudiating the sales, but did nothing further. On January 17, 1922, the composition was confirmed, discharging the alleged bankrupts, but the receiver did not surrender possession of the assets before January 28, 1922, when a rule nisi was obtained on the petition now in question.

Before the composition was confirmed, one Spitzer made claim to some of the same goods by virtue of a supposed chattel mortgage excluded by the alleged bankrupts before December 5, 1921. This claim has been referred to a special master and was pending when the rule nisi was granted. Spitzer is a party to this proceeding and now consents to withdraw his claim.

The alleged bankrupts insist that with the confirmation of the composition this court lost all jurisdiction and that the petition now in suit will not lie for this reason. The court originally dismissed the petition for this reason on the authority of In re Hollins, 229 Fed. 349, 143 C. C. A. 469, and 238 Fed. 787, 151 C. C. A. 637. Later a reargument was had.

W. A. Cunningham, of New York City, for petitioner.
David K. Shappiro, of New York City, for claimant.
Nathan M. Hutner, of New York City, for alleged bankrupts.

LEARNED HAND, District Judge (after stating the facts as above). In Re Hollins, 229 Fed. 349, 143 C. C. A. 469, and 238 Fed. 787, 151 C. C. A. 637, the property was not in the possession of the receiver when the order of confirmation was signed. This fact was mentioned in each case as a ground for the absence of jurisdiction in the court. The order having restored the bankrupts to their rights and the court not being in possession, no controversy could be justiciable here. Indeed, there being no adjudication, title had never left the bankrupts, and possession was all that the court ever could have had. The only question was, therefore, whether that possession extended beyond the property which had come de facto within the control of the receiver. Those cases do not, I think, go further than to hold that the receiver's possession will not be regarded as extending beyond such property as he has reduced to immediate control. That, on second reading, appears to me to be the meaning of the opinions.

The case at bar is different; here the receiver got possession of the cottons in the completest sense possible and has never surrendered it. Before confirmation he got notice of the petitioners' claims and of Spitzer's. Confirmation did not dispose of those claims, and did not

change his possession. The question quite simply is therefore this: Shall the court, for the receiver is the court, which knows that there are conflicting claims to property in its possession, ignore without consideration the claims of one of the parties and surrender the property to another (Spitzer, the third, being willing to withdraw his own)? Now, I conceive that it is the duty of all courts, before taking any action, and the surrender of property is an affirmative step, to ascertain whether that action will respect or violate any individual rights of which it may have become aware. Else its action may result in legal wrongs which it should be its uniform effort to avoid. A court must always award to each his own; "suum cuique tribuere." Indeed, by virtue of its possession it has come to be in the position of a plaintiff in interpleader, immune it is true, from legal redress, but not immune from responsibility for acting lawfully, from correctly choosing that person who is entitled to its favor. It cannot so act without making inquiry into the relative rights of the conflicting claimants. The confirmation does not affect the situation at all. The bankrupts are indeed entitled to repossess their own goods, but not the goods of others. How can it be ascertained what were their goods till the claims be heard? The very performance of the court's duty involves the sifting of claims. It is an inherent condition of the execution of the composition in itself. Nothing of the sort arises as to goods out of its possession, because the court is not called upon to take any action as to these.

In re Winship, 120 Fed. 93, 56 C. C. A. 45 (C. C. A. 7), is not on all fours, because the petition was there filed and the proceeding commenced before confirmation. Still the supplementary petition, on which alone any relief could be granted, was filed after confirmation, and the court clearly treated the case as though that were the only relevant pleading. It is an authority for the view I take. In re Larkey (D. C.) 214 Fed. 867, was decided before In re Hollins, supra, and seems to be in conflict with it. The bankrupts having sublet, and the sublessees having entered, the receiver was not in possession; the bankrupts had no more than a reverter. The case proceeded on the doctrine of constructive possession, based upon some dicta in the Supreme Court which must be deemed overruled in this circuit by In re Hollins, supra.

In Re Frischknecht, 223 Fed. 417, 139 C. C. A. 11 (C. C. A. 2), the property had never been reduced to possession any more than in In re Hollins, supra. In re Lytle, Fed. Cas. 8,650, has nothing to do with this situation.

The petition will be referred to the referee, to hear and report upon the relative claims of the petitioners, of Spitzer, if he does not withdraw, and of the alleged bankrupts.