## In re GLORY BOTTLING CO., OF NEW YORK, Inc.

### (Circuit Court of Appeals, Second Circuit. May 22, 1922.)

### No. 318.

1. **Bankruptcy ☞36—No terms in bankruptcy court.**
   The whole period from the filing of the petition to final disposition constitutes but one term in the bankruptcy court.

2. **Bankruptcy ☞38, 52—Rights of all creditors enter and continue throughout proceedings.**
   Bankruptcy Act, § 59g (Comp. St. § 9643), providing that a petition in bankruptcy shall not be dismissed by a petitioner or petitioners for want of prosecution or by the consent of the parties until after notice to the creditors, and other provisions of the Bankruptcy Act demonstrate that, when a petition is filed, the relations between the petitioners and the alleged bankrupt are not those of ordinary parties to a litigation, but that the rights of all creditors enter and continue throughout the various proceedings.

3. **Bankruptcy ☞92—Where petition dismissed, property of bankrupt revests.**
   Where a petition in bankruptcy was dismissed, all of the proceedings incident to the petition ended, and the property of the bankrupt thereafter became again under his full control, and it was immaterial that at a subsequent date another petition was filed, for such later proceedings could not in any manner affect the restored status of the alleged bankrupt, created by the dismissal of the first petition.

4. **Bankruptcy ☞84—Failure to conform with conditions permitting amendment to abandon insufficient petition precludes relief.**
   Where an involuntary petition in bankruptcy was insufficient, and leave was granted to the petitioners to amend, and the petition was then deliberately abandoned by failure to conform with the conditions on which amendment was permitted, the District Court had no power to order that such default be opened, and that a so-called amended petition be filed in place of the abandoned insufficient petition.

Petition to Revise Orders of the District Court of the United States for the Eastern District of New York.

In the matter of the Glory Bottling Company of New York, Inc., alleged bankrupt. On petition to revise an order denying a motion to dismiss an amended involuntary petition (278 Fed. 625). Order reversed, with directions to dismiss amended petition.

On November 12, 1921, an involuntary petition in bankruptcy was filed by three creditors against Glory Bottling Company of New York, Inc. The alleged bankrupt moved to dismiss this petition upon the ground, inter alia, that it appeared upon the face of the petition that it was jurisdictionally defective. This motion was granted by the District Court and thereupon the court made its order, dated December 5, 1921, granting the motion, with leave, however, to the petitioning creditors to file an amended petition within 10 days upon various conditions. One of these conditions was that simultaneously with the filing of the amended petition the petitioning creditors should file a surety bond in the sum of $500, "conditioned that, if the amended petition or proceedings herein are dismissed, the petitioning creditors will pay to the alleged bankrupt all damages, costs, reasonable counsel fees, and expenses occasioned

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by the filing of the petition and amended petition herein, and the institution of this proceeding."

The petitioning creditors did not comply with the conditions, and did not file an amended petition within the time prescribed by the order, and thereafter an order was entered on December 16, 1921, finally dismissing the original petition, with costs. On January 24, 1922, the petitioning creditors sought to have opened what they called their default, and to that end made a motion for reargument and to vacate the order, dated December 5, 1921. The District Court granted the motion and made an order, dated February 6, 1922, permitting the petitioning creditors to file an amended petition, which should comply with the various conditions of the order of December 5, 1921, except that in respect of furnishing the bond, which condition was dispensed with. Pursuant to this order an amended petition was filed. Thereafter the alleged bankrupt moved to dismiss the amended petition. This motion was denied, and an order, dated March 20, 1922, was entered accordingly, and it is this order to which the petition to revise is addressed.

During the progress of these proceedings, to wit, on January 19, 1922, another petition was filed against the alleged bankrupt by three other creditors, and upon this petition and due proceedings had the alleged bankrupt was adjudicated a bankrupt on February 10, 1922.

Joseph G. M. Browne, of New York City, for petitioner.

William Hauser, of New York City (Max Rockmore, of New York City, of counsel), for respondents.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

MAYER, Circuit Judge. (after stating the facts as above). It will be noted that the original petition in involuntary bankruptcy was deliberately abandoned by the three creditors who filed it. When the petition was dismissed for failure to comply with the conditions of the order permitting the filing of an amended petition, the Glory Company was in the same position as any other person or corporation doing business unembarrassed by the bankruptcy court. Merchants could buy and sell their goods upon that assumption, and were entitled to rely upon the fact that bankruptcy proceedings were ended. Subsequent to the dismissal of the petition, the bankrupt had the right, if it so pleased, to sell or transfer its property in such manner as it desired, so far as concerned any rights existing or accruing under the original and subsequently dismissed the petition.

[1] The restoration of the petition by way of amendment affected, not only the rights of the alleged bankrupt, but also those of creditors existent prior to the filing of the petition and creditors who became such after the dismissal of the petition. There are no terms in the bankruptcy court. In bankruptcy proceedings, the whole period from the filing of the petition to final disposition constitutes but one term. Sandusky v. National Bank, 23 Wall. 289, 23 L. Ed. 155; In re Jemison Mercantile Co., 112 Fed. 966, at page 972, 50 C. C. A. 641.

If the principle of the order below were accepted, an order might be made at any time to revivify a petition which had long been dismissed, and upon the faith of which dismissal the bankrupt and his creditors had proceeded to do business as men conduct business in the ordinary affairs of the business world.

[2] It must be remembered that the filing of a petition in bankruptcy does not concern only the petitioners and the bankrupt. By

such filing there is set in motion the procedure of the bankruptcy statute, which affects the rights of all the creditors, and a bankruptcy petition may not be dismissed as matter of course. On the contrary, under section 59g of the statute (Comp. St. § 9643), "a voluntary or involuntary petition shall not be dismissed by the petitioner or petitioners for want of prosecution or by consent of the parties until after notice to the creditors. * * *" This and other provisions of the statute demonstrate that, when a petition is filed, the relations between the petitioners and the alleged bankrupt are not those of ordinary parties to a litigation, but that the rights of all creditors enter and continue throughout the various proceedings. Black on Bankruptcy. (3d Ed.) § 177.

The situtation at bar is somewhat analogous with the question disposed of in Matter of Hollins, 238 Fed. 787, 151 C. C. A. 637, where the court pointed out that after a composition was confirmed the bankruptcy court was without jurisdiction to pass upon claims made by third parties to the property thereafter turned over. In other words, the court held, as the Bankruptcy Act provided, that the title of the bankrupt to his property "shall thereupon revest in him." Section 70f (Comp. St. § 9654).

[3] So, in the case at bar, when the petition was dismissed, all of the proceedings incident to the petition ended, and the property of the bankrupt thereafter became again under his full control. It is, of course, immaterial that at a subsequent date another petition was filed, for such later proceedings cannot in any manner affect the restored status of the alleged bankrupt, created by the dismissal of the first petition.

The case at bar is entirely distinguishable from that class of cases where a petition has not been dismissed, and is pending, but leave has been given to amend the petition; and it is also distinguishable from those cases where creditors have intervened, as in In re Bolognesi, 223 Fed. 772, 139 C. C. A. 351 and In re Diamond Fuel Co., 283 Fed. 108, decided contemporaneously herewith. There may also be cases where, through some accident or mistake, a petition is dismissed. For instance, there may be an inadvertent default when a cause is called for trial upon the issues raised by a petition in involuntary bankruptcy and the answer thereto. In such circumstances the court, of course, would have the ordinary powers possessed by the court in other causes, and might open the default in the exercise of a sound discretion.

[4] Where, however, a petition, as here, was insufficient, and leave was granted to the petitioners to amend, and the petition was then deliberately abandoned by failure to conform with the conditions upon which amendment was permitted, we hold that there is no power in the District Court to order that such default be opened, and that a so-called amended petition be filed in place of the abandoned insufficient petition.

The order is reversed, with costs, and the District Court is instructed to dismiss the amended petition.