## In re SCHWARTZ et al.

### Petition of COHEN.

(Circuit Court of Appeals, Second Circuit. January 19, 1925.)

### No. 135.

Bankruptcy ⬧⟊371—Trustee, after closing estate and discharge, cannot by summary order be required to pay claims.

Trustee in bankruptcy, after settlement of estate and discharge, cannot by summary order be required to pay claims against the estate, in view of Bankruptcy Act, §§ 2 (8), 44 (Comp. St. §§ 9586, 9628), providing method of further administration by reopening proceedings.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Julius H. Schwartz and Samuel H. Harris, copartners, etc., bankrupts. On application of a judgment creditor, judgment was entered against Max G. Cohen, former trustee of the bankrupt estate, and he petitions to revise. Order reversed.

A Mr. Cohen was duly elected and qualified as trustee in bankruptcy. He inherited from a receiver a proceeding in reclamation, brought by Wechsler, Inc., having for its object the recovery of certain merchandise alleged to have been obtained by the bankrupt through fraud. To facilitate disposition of this claim, the practice, common at the time, was pursued, and Wechsler brought an action in one of the Municipal Courts of New York City, seeking to recover from Mr. Cohen, as trustee, the goods in question or their value. Meanwhile the trustee sold the goods and the litigation was substantially over the proceeds thereof.

The action in the Municipal Court was tried, and the complaint dismissed, whereup-

on Wechsler took an appeal. The preparation and hearing of this appeal dragged on for upwards of a year before hearing in the appellate court. Meanwhile, every other matter in the estate having been apparently concluded, Mr. Cohen, as trustee, filed his final account. Of such filing and intent of settlement he gave Wechsler notice, although Wechsler had never filed a claim in the proceeding. No attention was paid to this notice by Wechsler, and Mr. Cohen treated the proceeds of the goods that Wechsler was suing for like any other moneys in the estate. His account was settled, and on August 15, 1922, the referee entered the usual order, approving the account and ordering that "said trustee be discharged of his trust."

In April, 1923, the above-mentioned judgment of the Municipal Court was reversed, the matter remanded for a new trial, and in March, 1924, nearly a year and a half after Mr. Cohen had been discharged as trustee, Wechsler took judgment against Cohen, *as trustee,* in the Municipal Court, for an amount exceeding the proceeds of the goods so as aforesaid distributed upon the trustee's final accounting. Execution was returned unsatisfied against Cohen as trustee. Thereupon Wechsler petitioned the District Court for an order directing "Max G. Cohen, as trustee, to pay to your petitioner herein" the amount realized by the sale of the said goods as aforesaid.

By affidavit the foregoing facts appeared to the court below, which thereupon entered an order that "Max G. Cohen pay unto B. A. Wechsler Company, Inc., * * * the amount realized upon the sale of the three pieces of cloth, the subject-matter of this proceeding, and that said B. A. Wechsler Company, Inc., shall have judgment against the said Max G. Cohen and execution therefor." Thereupon Mr. Cohen filed this petition.

David Haar, of New York City, for petitioner.

Abraham N. Davis, of New York City, for Wechsler.

Before ROGERS, HOUGH, and HAND, Circuit Judges.

PER CURIAM. We feel assured that the order complained of was erroneous. We pass by the point that the motion was directed only against Mr. Cohen, *as trustee,* while the order affected injuriously Mr. Cohen individually, and we pass to the really important question as to whether, under the circumstances above shown, the court had any power or authority to enter a summary judgment against Mr. Cohen and award execution against his own proper goods.

Mr. Cohen had been discharged as trustee, the estate was closed, and the only method by which any further administration of the assets in bankruptcy, or of the bankrupt estate, could be effected, was by a reopening thereof pursuant to sections 2 (8) and 44 of the Bankruptcy Act (Comp. St. §§ 9586, 9628). In Re Graff, 250 F. 997, 163 C. C. A. 247, we pointed out that, upon the settlement of an estate and the discharge of the trustee, "the estate was closed, there was no longer a trustee, and the power of the District Court in respect of the discharged trustee was exhausted." The test of this matter is that upon the reopening of an estate the creditors have an absolute right to elect a new trustee; the old trustee is functus officio. See In re Graff, supra, and In re Rochester Sanitarium & Baths Co., 222 F. 22, 137 C. C. A. 560.

Mr. Cohen, probably through inadvertence or forgetfulness, is accused of what is in effect disposing of a portion of the property in his possession as trustee contrary to law. While he was trustee, he was under the plenary power of that court of which he is an officer, and he could have been surcharged upon an accounting conducted in any fair manner, if he was not able to produce for the benefit of Wechsler the money in his charge. We agree with In re Cadenas (D. C.) 178 F. 158, that the trustee would be "amenable to the orders of the court, as he has not been discharged"; but this trustee has been discharged, and the power of the court over him is exhausted. By analogy our decision in respect of compositions (In re Hollins, 238 F. 787, 151 C. C. A. 637), is applicable. We have not before us the question as to what other remedies are open to Wechsler, Inc. The only question at bar is whether those remedies embrace a summary order against Cohen personally entered after his discharge as trustee. We hold that such a remedy does not exist. As to other possibilities, United States, for use of O'Brien, v. Sondheim (D. C.) 188 F. 378, is suggestive.

Order reversed, with costs.