## MURPHY, GORMAN & WATERHOUSE, Inc., v. MANUFACTURERS' NAT. BANK.

Circuit Court of Appeals, First Circuit.
February 9, 1929.

No. 2290.

Lee M. Friedman, of Boston, Mass. (Alexander G. Gould and Harry Shapiro, both of Boston, Mass., on the brief), for appellant.

Harry T. Talty, of Boston, Mass. (Moore & Leonard, of Lynn, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree of the District Court for Massachusetts, sitting as a court of bankruptcy, which on May 28, 1928, dismissed the petition of the appellant, the bankrupt, for want of jurisdiction.

It appears that on December 13, 1926, a petition in bankruptcy was filed against the appellant corporation; that on January 10, 1927, it was adjudicated a bankrupt; that on that day it made a composition offer; that on January 21, 1927, trustees in bankruptcy were appointed, who proceeded to administer its estate and collect what was due it; that the trustees deposited the money collected to their account in the appellee bank, an authorized depository, on the understanding that the bank was to pay them interest on the account monthly; that on February 18, 1927, the composition offer was accepted by the requisite amount and number of creditors, only one creditor objecting; that the referee reported in favor of the composition, and the District Court on February 18, 1927, entered an order confirming it; that an appeal was taken by the objecting creditor, and on December 2, 1927, this court reversed the order of the District Court and remanded the case [23 F.(2d) 7]; that thereafter the objecting creditor withdrew his objection; that, after the composition was confirmed, the trustees, having been paid their interest monthly and being thereto duly authorized, on April 2, 1927, transferred the money standing to their credit in the bank, amounting to the sum of $163,944.61, to the name of James S. Allen, clerk of the District Court, to meet the composition payments; that, after distribution to creditors, there remained and is now a substantial sum on deposit to the credit of the clerk, belonging to the bankrupt; that, due to the appeal of the

390

creditor, the $163,944.61 remained on deposit in the bank from April 2, 1927, to April, 1928, about 13 months, before distribution began; and that the bank refuses to pay interest on the deposit during this period.

The petition of the bankrupt of May 28, 1928, sets out these facts, and requests the court to order the bank to credit the account of Allen, the clerk, with such interest as may be found due, and pay the balance of the account thus found to the petitioner. It is the denial of this petition, for want of jurisdiction, that is brought in question by this appeal.

The only question presented is the jurisdiction of the District Court to hear and determine the amount remaining due the clerk on his deposit account, there being a balance still due to him that has not been distributed to creditors.

Why the District Court was without jurisdiction to hear and determine the question is not apparent. The composition offer was made in bankruptcy, and the fund to meet that offer came into the possession of the court as a bankruptcy court, where a balance, the amount of which is in dispute, still remains. It is true that what remains belongs to the bankrupt, but, under section 12e of the Bankruptcy Act (11 USCA § 30 (e), it is the duty of the court to determine what the amount is and order its payment to the bankrupt. Until that is done the composition proceedings are not closed, or the jurisdiction of the court terminated. It is clear that jurisdiction does not cease so long as any portion of the composition fund remains undistributed in the possession or control of the court, as is the case here. United States v. Sondheim. (D. C.) 188 F. 378; In re Bickmore Shoe Co. (D. C.) 263 F. 926, 929, 930; In re Fox, 6 A. B. R. 529; Collier on Bankr. (13th Ed.) p. 458; 7 Remington on Bankr. (3d. Ed.) p. 174, § 3133. The balance due could only be paid to the bankrupt on the order of the court, and then only on a check signed by the clerk and countersigned by the judge of the court. General Order 29 (set out under 11 USCA § 53).

See, also, In re Kalnitzsky Bros. & Oppenheim (D. C.) 285 F. 649; Id. (C. C. A.) 285 F. 652; In re J. C. Winship Co. (C. C. A.) 120 F. 93.

The decree of the District Court is reversed, and the case is remanded to that court, for further proceedings not inconsistent with this opinion, with costs to the appellant.