## In re HANNEVIG.
### No. 29159.

District Court, S. D. New York.

Sept. 1, 1938.

Francis P. Pace, of New York City, for creditor.

Joseph K. Guerin, of New York City, for estate of Saul S. Myers.

PATTERSON, District Judge.

Hannevig was adjudicated bankrupt in 1921. Henry A. Wise was appointed trustee and administered the bankrupt estate, his attorney being Saul S. Myers. In 1927 a final meeting of creditors was called, allowances were ordered and distribution of a first and final dividend was directed by the court. In 1929 the final report of the trustee was filed and found correct by the referee in charge of the case. An order was entered on February 20, 1929, that the final report "be allowed and that said Henry A. Wise be and he hereby is discharged as such trustee and this case closed with leave to reopen upon discovery of further assets." There the matter rested until May 16, 1938, when Saul S. Myers, attorney for the former trustee, filed a petition to the effect that there was a likelihood of further assets in the shape of a claim by the bankrupt against the United States and asking that the case be reopened with the same trustee and the same attorney for the trustee. On that petition an ex parte order was entered on the same day, reopening the case with the same referee, the same trustee and the same attorney for the trustee. Saul S. Myers died in June, 1938. On August 17, 1938, one Jacobsen, a creditor, made application, on notice to Henry A. Wise and the Myers estate, to modify the order reopening the case by eliminating the provision for the same trustee and attorney for the trustee and by providing in lieu thereof that an election of a new trustee be held. The question is whether the order of May 16, 1938 was proper, insofar as it provided for the reinstatement of the former trustee.

The Bankruptcy Act, in section 2(8), 11 U.S.C.A. § 11(8), gives the court power to "close estates, whenever it appears that they have been fully administered, by approving the final accounts and discharging the trustees, and reopen them whenever it appears they were closed before being fully administered". The Act also provides, in section 44, 11 U.S.C.A. § 72, that the creditors "shall, at their first meeting after the adjudication or after a vacancy has occurred in the office of trustee, or after an estate has been reopened," appoint a trustee or trustees. It necessarily follows that when an estate has been closed and is afterward reopened for administration of further assets, it is for the creditors to elect a trustee to act for the reopened estate. The former trustee does not resume his office, and an order reopening the estate should not so provide. In re Rochester Sanitarium & Baths Co., 2 Cir., 222 F. 22; In re Graff, 2 Cir., 250 F. 997; In re Schwartz, 2 Cir., 4 F.2d 895.

It is the fact that back in 1927 and 1929 it was felt that there might be further assets to administer, and the trustee's attorney was therefore loath to close the estate. It was thought that the situation might be met by having the order carry the

proviso giving leave to reopen the estate on discovery of further assets. But the leave to reopen did not keep the estate alive; it merely recited what was the ordinary right of anyone interested in the estate. The order closing the estate and discharging the trustee, while perhaps erroneous under the conditions, was not a nullity. The application to modify the order of May 16, 1938 will be granted and the order as modified will be that the estate be reopened and sent to the referee, with direction to call a meeting of creditors for election of a trustee. Settle order on two days' notice.