### In re LEIGHT & CO.

### HOPKINS v. JONES et al.

### PROSS et al. v. HOPKINS et al.

### Nos. 8441, 8449.

Circuit Court of Appeals, Seventh Circuit.

Dec. 13, 1943.

314

Meyer Abrams and J. Edward Jones, both of Chicago, Ill. (Shulman, Shulman & Abrams, of Chicago, Ill., of counsel), for appellants.

Victor E. La Rue, of Chicago, Ill., for appellees.

Before EVANS, SPARKS, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

On February 17, 1930, in the District Court for the Northern District of Illinois, Eastern Division, an involuntary petition in bankruptcy was filed against Leight & Company, a corporation. As far as the record shows, there was no adjudication. On July 7, 1930, the alleged bankrupt filed its petition offering a composition to its creditors. On December 23, 1930, the District Court confirmed the composition. By the provisions of the composition, the alleged bankrupt was to convey and transfer all its assets to three trustees, Loeber, Fox, and Swayne, who were to administer the assets in accordance with a trust agreement, a copy of which was exhibited with the offer in composition. Certificates of beneficial interest A, B, and C, in that priority, were to be issued. A certificates were to go to those who put up the necessary cash to implement the composition and pay the expenses of administration. Out of the cash thus provided, ten per cent was to be paid on duly allowed creditors' claims. The balance of ninety per cent was to be represented by B certificates. C certificates were to go to one of the trustees, Loeber, for his services in arranging and promoting the composition.

The court approved the composition and retained jurisdiction only for the purpose of disposing of the claims. The trust was launched. No reports of the trustees were ever made to the bankruptcy court, nor were any ever required.

Lafayette Hopkins was the owner of an A certificate of the par value of twenty-five thousand dollars. He assigned his certificate to his wife, Ella R. Hopkins, the appellant, to whom on January 31, 1931, a new certificate for like amount was issued in exchange for the assigned certificate. For ten years she received no income from her certificate, and, after repeated demands upon the trustees for an accounting to no avail, she sued the trustees in May, 1941, in the Superior Court of Cook County, Illinois, asking for an accounting, for dissolution of the trust, and for a receiver to liquidate the trust. In her complaint she attacked the bankruptcy court's allowance of certain claims to Loeber, one of the trustees, and also Loeber's dealings with the trust·property. She asked for the cancellation of certain A certificates held by Loeber and that all the trustees be held accountable for the transfer of valuable assets of the trust in exchange for worthless B certificates.

One Jones, representing himself and others who claimed to be assignees of the A certificates from Loeber, intervened in the State court proceedings. Loeber and the other trustees answered, and after trial the State court found Loeber liable for a large sum and the other trustees not liable, dissolved the trust, and appointed a receiver.

Ella R. Hopkins took an appeal to the Appellate Court of Illinois from the court's ruling in favor of the two trustees, Fox and Swayne. Jones and Loeber filed cross-appeals. After entry of the decree by the State court on July 2, 1943, Jones filed a petition in the bankruptcy court in the District Court for the Northern District of Illinois, Eastern Division, setting up the composition agreement and its confirmation in December, 1930, by the bankruptcy court and alleging the attack in the State court upon the trust provided in this composition was "an interference with the plan of composition confirmed" by the bankruptcy court and "the judicial determination" of the bankruptcy court. The petition prayed that the bankruptcy court should take jurisdiction of the proceedings, reopen the case, and restrain the further prosecution of the proceedings in the State court. The appellant, Ella R. Hop-

kins, answered. Jones moved to strike the answer. Loeber came in and adopted Jones' petition and motion to strike. On the pleadings, the District Court assumed jurisdiction, enjoined all the proceedings in the State court, ordering said proceedings to be transferred to the bankruptcy court, and issued a writ of certiorari to the clerk of the State court directing him to transmit all files and records to the District Court. From this judgment, Ella R. Hopkins appeals. (No. 8441).

The first and vital question is: Did the District Court have the right to resume jurisdiction and to enjoin the parties from proceeding in the State court?

At the time the composition was confirmed and consummated, there was in force Section 13 of the Bankruptcy Act, 11 U.S.C.A. § 31, which gave the court the right to set aside for fraud a confirmation of a composition upon application by an interested party filed within six months after such confirmation. This Section 13 and the provisions of the Act relating to an ordinary composition in bankruptcy are no longer in effect. The Chandler Act amended those sections and incorporated them into Chapters 10, 11, and 12, providing for elaborate compositions of various kinds.[1] Former Section 13 is applicable to the case at bar. In construing former Section 13 of the statute in the case of In re Mirkus, 2 Cir., 289 F. 732, 733, 31 A.L.R. 435, the court said: "Only when the composition is not confirmed shall the estate be further administered in bankruptcy; and this court has held that with the signing of the order of confirmation the bankruptcy court loses jurisdiction. In re Hollins, [2 Cir.], 238 F. [787], 788, 151 C.C.A. 637. The only power left in the bankruptcy court, after signing the confirmation order, is to set the composition aside within six months, for the reasons, and only the reasons, set forth in section 13 (Comp.St. § 9597 [11 U.S.C.A. § 31]). In re Eisenberg, D.C., 148 F. 325." See also Guaranty Trust of New York v. McCabe, 2 Cir., 250 F. 699; In re Siegel, 2 Cir., 256 F. 226.

■■■ We therefore hold that where a composition had been confirmed and launched in accordance with its terms, and all claims of the creditors had been either allowed or disallowed, and where the bank-

ruptcy court had disposed of all administrative matters in connection with the proceedings, and six months had elapsed from the date the composition was confirmed, the bankruptcy court's jurisdiction over that proceeding was ended. The purpose of such compositions is to avoid administration in bankruptcy and to free the property from the jurisdiction of the bankruptcy court; in other words, to bring the affairs of bankrupts or debtors to a speedy and conclusive termination. In re Fogarty, 7 Cir., 187 F. 773; In re Kinnane Co.'s Estate, 6 Cir., 242 F. 769.

■■■ A composition is in its nature a contract between the bankrupt or debtor and his creditors. In re Goldberg, 6 Cir., 53 F.2d 454, 456, 80 A.L.R. 399. In order to receive the advantages afforded by the Bankruptcy Act and to coerce the minority creditors, the agreement had to have the approval of the court. Such confirmation was not for the purpose of retaining jurisdiction. It was for the purpose of terminating the proceedings. Having received the approval of the court, the property, if there had been an adjudication, would have reverted to the bankrupt, subject to the terms of the composition. In re Goldberg, supra, 53 F.2d at page 457, 80 A.L.R. 399. If there had been no adjudication, the property would have remained in the alleged bankrupt, subject to the composition. Wechsler v. United States, 3 Cir., 27 F.2d 850; In re Palmer, D.C., 2 F.Supp. 275, 276.

■■■ The appellees argue that the trust provided in the composition agreement effected a change in the title from the alleged bankrupt to the trustee and that the court having adjudicated upon the title, the protective jurisdiction of the court followed its trust and trustee.

In this we think the appellees are mistaken. The change of title took place not by force of the confirmation decree but by contract. By the offer and acceptance of the composition, the title passed from the alleged bankrupt, who had never been adjudicated, to the trustees. The trustees were voluntary assignees of the parties and not trustees who derived their title from the decree of the court. It has been expressly so held in Guaranty Trust Co. of New York v. M'Cabe, 2 Cir., 250 F. 699, 701, 702. In that case, a composition

---

[1] See 11 U.S.C.A. §§ 786, 911, 1071.

agreement provided for the transfer of the debtor's property to a trustee, who was to handle the property for the benefit of the creditors, just as in the case at bar. The court said:

"Jay and this plaintiff were voluntary assignees of the choses in action and not trustees in the sense that title devolved upon them by operation of law. The offer of composition comprehended a method of distribution through Jay or his successors, and for that purpose Jay was selected as the medium to whom the bankrupts' property should be intrusted and by whom it should be distributed.

"He was thus a mere assignee of these choses in action selected by agreement between the bankrupts and the creditors. The approval of the offer of composition by the court and its sanction of the assignment put the property of the bankrupt estate outside the court's power and terminated the jurisdiction of the court over both the property and the transferee or assignee thereof. In re Hollins, [2 Cir.] 229 F. 349, 143 C.C.A. 469; Id., [2 Cir.] 238 F. 787, 151 C.C.A. 637; In re Frischknecht, [2 Cir.] 223 F. 417, 139 C.C.A. 11."

In the case at bar, the composition provided for a trust to be used in the administration of the property. The composition required that this trust be set up and that certificates be issued to meet the division of creditors as provided in the composition agreement. These things were done. The property became subject to this composition. The composition was confirmed and consummated. The parties to the proceedings before us, except Loeber, were not parties to the composition. With that exception, they all acquired their rights, duties, and obligations in their dealings with the trust. Whatever the rights of the parties are, they grew out of the consummated composition agreement and not the proceedings in bankruptcy. It is clear that the rights of the parties before us grew out of dealings with the property of the alleged bankrupt after jurisdiction had been surrendered by the bankruptcy court. Thus these rights may be litigated in any court of competent jurisdiction and the

parties should be left free to so litigate them.

As to Loeber, his rights also grew largely out of dealings with the trust, although it is true that he acquired some rights in the bankruptcy proceedings wherein certain claims were allowed him. The District Court was of the opinion that the suit in the State court involved a collateral attack upon the rights of the trustee Loeber. Even if it were true that the State court proceedings were a collateral attack upon some action of the bankruptcy court taken ten years before, it does not follow that the bankruptcy court had the right to resume jurisdiction and by injunction wrest from the State court its jurisdiction. We cannot assume that State courts will incorrectly determine the rights of the parties if left alone.

The appellees contend that since the bankruptcy court first had jurisdiction, its jurisdiction is paramount. There is no question about the correctness of the doctrine argued by the appellees, but it is not applicable here. We do not have a question of prior claims to jurisdiction. The question is: Did jurisdiction end, and, if so, when? We cannot sanction a doctrine that would leave hanging in suspended animation the power of a bankruptcy court to resume jurisdiction over a composition agreement that had been confirmed and consummated for more than ten years. There must be an end to bankruptcy proceedings sometime. Neither the spirit of the act nor its contents authorize the resumption of jurisdiction or the action taken by the District Court.

The judgment is therefore reversed and the cause remanded to the District Court, with directions to dismiss the proceedings for want of jurisdiction.

In another case, No. 8449, Pross v. Ella R. Hopkins, et al., Appellees, consolidated and argued with the above case, Jones gave notice of appeal from the same order of the District Court. Since we have held that the District Court was without jurisdiction to make the order, the appeal of Jones in this case, attacking some phase of the judgment with which he was not satisfied, need not be considered.